IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERTO PATINO, § | |
| MARIA DEL ROSARIO MARTINEZ, § | |
| MARIA MARI, § | |
| RODOLFO R. TENREIRO, and § | |
| PATRICIA GONZALES, § | |
| *Plaintiffs* § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:14-CV-03241-LHR |
| § | |
| CITY OF PASADENA, § | |
| Mayor JOHNNY ISBELL, § | |
| Council members ORNALDO YBARRA, § | |
| BRUCE LEAMON, DON HARRISON, § | |
| PAT VAN HOUTE, § | |
| CODY RAY WHEELER, PHIL § | |
| CAYTEN, STEVE COTE, and § | |
| DARRELL MORRISON, § | |
| *Defendants* § | |

## THE CITY OF PASADENA'S MOTION TO DISMISS THE OFFICIAL-CAPACITY DEFENDANTS FROM THE PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant, the City of Pasadena, Texas ("the city"), on behalf of its public officials, who are named as defendants solely in their official capacity, files this *Motion to Dismiss the Official-Capacity Defendants from the Plaintiffs' Original Complaint for Declaratory Relief and Injunctive Relief* pursuant to Federal Rule of Civil Procedure 12(b)(6) and, additionally or in the alternative, moves to strike the official-capacity defendants pursuant to Federal Rule of Civil Procedure 12(f).

# I.
# INTRODUCTION AND SUMMARY OF THE ARGUMENT

1.  Plaintiffs bring this action to challenge a voter-approved amendment to the City of Pasadena's charter, which enacted a hybrid 6-2 election system for choosing the members of Pasadena City Council. (Clerk's Doc. 1). Specifically, plaintiffs sue the city pursuant to 42 U.S.C. section 1983 for alleged violations of the Fourteenth and Fifteenth Amendments to the United States Constitution and for alleged violations of section 2 of the federal Voting Rights Act of 1965, 52 U.S.C. section 10301(formerly 42 U.S.C. § 1973).

2.  Although plaintiffs are able to obtain any and all necessary relief from the city in the event they prevail, they have needlessly named the Mayor and City Council Members of the City of Pasadena, as official-capacity defendants. It is well-settled, however, that suits against government officers in their official capacity are simply another means of asserting a claim against the governmental entity. Where, as here, the governmental entity is subject to being sued directly, the naming of official-capacity defendants is redundant and serves only to create confusion and waste the resources of the governmental entity. As such, in accordance with Fifth Circuit precedent, the city now asks the Court to dismiss the official-capacity defendants from this action. Although the defendants believe that the plaintiffs' claims against all defendants ultimately will be shown to be without merit, this motion seeks only to dismiss or strike the nominal, official-capacity defendants—*i.e.,* the mayor and members of the city council. It does not address the claims against the city, which is the real party in interest.

## II.
## STANDARD OF REVIEW

3. In analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (*quoting Twombly*, 544 U.S. at 555).

## III.
## ARGUMENT AND AUTHORITIES

4. It is axiomatic that suits against persons in their official capacity are merely a pleading device; the real party in interest is the governmental entity. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55, 98 (1978)); *see also Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex.2007) (citing *Graham*, 473 U.S. at 165). Courts, therefore, treat suits against state officers in their official capacity as suits against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In fact, because official-capacity suits actually seek to impose liability against the governmental unit rather than the named individual, the federal courts have rightly observed that such a suit is "in all respects other than name,…a suit against the entity." See *Graham*, 473 U.S. at 166; *see also Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir.2001).

3

5.      Following its decision in *Monell,* the Supreme Court recognized that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief." *Graham*, 473 U.S. at 167 n. 14. Similarly, the Fifth Circuit has held that it is appropriate to dismiss claims against officers in their official capacities when the "allegations duplicate claims against the respective governmental entities themselves." *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir.2001); *see also Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 Fed. App'x 876 (5th Cir. 2009)(not for publication); *Clark v LaMarque Indep. Sch. Dist.*, 54 Fed. App'x 412, (5th Cir. 2002)(not for publication).[1]  Applying this authority, district courts within the Fifth Circuit have routinely dismissed redundant official-capacity claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Thomas v. City of Galveston*, 800 F. Supp.2d 826 (S.D. Tex. 2011)(Ellison, J.); *Broussard v. Lafayette City-Parish Consol. Gov't*, __F.Supp.2d___ No. 13-CV-2872, 2014 WL 4428560 at *10-12 (W.D. La. Sept. 5, 2014)(Doherty, J); *Shanks v. Parish of Jefferson, La.*, No. 04-1057, 2004 WL 1737094 at *1 (E.D. La. 2004)(Vance, J.).

6.      This case merits similar treatment. Even a cursory review of the complaint in this case reveals that plaintiffs' claims against the named defendants are entirely duplicative of their claims against the city. Plaintiffs make no allegations against the city officials in their individual

---

[1] Federal courts from several other circuits have also determined that redundant official-capacity claims should be dismissed. *See, e.g.*, *Center for Bio–Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir.2008 ("[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."); *Artis v. Francis Howell North Band Booster Ass'n, Inc*. 161 F.3d 1178, 1182 (8th Cir. 1998)(Claim against school teacher under section only in his official capacity was properly dismissed as redundant to claim against school district); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991) (approving the dismissal of official-capacity defendants whose presence was merely redundant to the naming of an institutional defendant); *Jankowski v. Lellock*, No. 13–194, 2013 WL 5945782, at *9 n. 6 (W.D.Pa. Nov. 6, 2013) ("it is a well-established practice in [the Third Circuit] to dismiss redundant § 1983 claims asserted against public officers in their official capacities where a claim has also been made against the public entity that employs them."); *Schubert v. City of Rye*, 775 F.Supp.2d 689, 699 (S.D.N.Y.2011) (noting that "where the governmental entity can itself be held liable for damages as a result of its official policy, a suit naming the legislators in their official capacity is redundant").

capacities, but instead sue the mayor and city councilmembers only in their official capacities. (Clerk's Doc. 1. ¶¶ 10-11).  Nor do plaintiffs assert any allegations or claims for relief against the official defendants that are separate and apart from plaintiffs' pleaded claims against the city. Rather, plaintiffs' pleaded aim in this lawsuit is to obtain declaratory and injunctive relief invalidating the city's 6-2 election system and requiring the city to adopt a new redistricting plan while subjecting the city to preclearance review under section 3 of the Voting Rights Act.  52 U.S.C. § 10302(c).  (Clerk's Doc. 1, ¶ 2, and Prayer).  Even if plaintiffs were entitled to it, which they are not, such relief would serve to bind only the city and would create no liability on the part of the named official defendants.  As they have named the city as a defendant in this action, plaintiffs are able to obtain all available relief directly from the city, thus making their official-capacity claims wholly redundant and warranting dismissal.  (Clerk's Doc. 1, ¶ 9); *Castro Romero*, 256 F.3d at 355.

       7.     Importantly, the dismissal of the official-capacity defendants is neither semantic nor is it merely symbolic.  This motion seeks to avoid significant redundancies and confusion that would inure from the retention of the merely nominal defendants.  First, as many federal courts have recognized, the inclusion of redundant official-capacity defendants leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorney's fees.  *See, e.g., Luke v. Abbott*, 954 F. Supp. 202, 203–04 (C.D.Cal.1997); *see also Moore v. City of Philadelphia*, No. 14–133, 2014 WL 859322, at *3 (E.D.Pa. Mar. 5, 2014) (Noting that redundant official-capacity claims unnecessarily clutter the docket, and dismissing the same); *Hordych v. Borough of N.E.*, No. 10–16, 2010 WL 1707735, at *8 (W.D.Pa. Apr. 27, 2010)(same).

8. Second, where, as here, a case involves an official action of the city, made by majority vote of a divided city council, inclusion of individual politicians, even in their official capacity, simply invites the political debate from a city council meeting into the courtroom. While individual members, if called to testify, may, of course, express their personal views and understanding of the facts, as council members sued in their official capacity they have no personal stake in the litigation and lack standing to take a legal position different from that of the city. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543-44 (1986); *Kingsville Indep. Sch. Dist. v. Cooper*, 611 F.2d 1109, 1112 (5th Cir.1980) (the only way a political subdivision of the state can act, practically as well as legally, is by and through its governing body). Even so, the inclusion of individual councilmembers in their official capacity poses a significant risk that some members will feel it incumbent upon themselves to continue to advocate their political position in this litigation through separate pleadings filed as parties to the suit. The political debate, however, is over. The city council voted to place the challenged amendment to the city charter on the ballot, and the voters adopted it. The only question before this Court is the legal and constitutional soundness of that charter provision. (Clerk's Doc. 1, ¶ 34). On that issue, the city is the sole party in interest and its position in the litigation has been established by a vote of the council and the people. The inclusion of other nominal officials who presumably will seek to pursue a separate and likely contrary position even though the Supreme Court has ruled that official-capacity defendants possess no separate standing and have no authority to advance a legal position different from that of the city, see *Bender* 475 U.S. at 543-44, serves only to create confusion and to create unnecessary issues for the Court and the parties.[2] *See Graham*, 473 U.S. at 165.

---

[2] The possibility of confusion and the introduction of unnecessary issues is not idle speculation. Three official-capacity defendants, who as members of the city council opposed the charter amendment and the

9. Therefore, as plaintiffs' claims against the official-capacity defendants are entirely duplicative of, and redundant to, plaintiffs' claims against the city itself, the city requests that those claims be dismissed. *Castro Romero*, 256 F.3d at 355; *see also, Gaalla v. Citizens Med. Ctr.*, 2012 WL 2870701, at *4 (S.D.Tex. July 10, 2012)("[C]laims against an individual acting in his official capacity are properly dismissed as redundant when the entity with which the individual is associated is also a defendant." (collecting cases)). Specifically, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) because plaintiffs are not entitled to any relief against the official-capacity defendants. FED. R. CIV. P. 12(b)(6). Furthermore, and in the alternative, plaintiffs' official-capacity claims should be stricken under Federal Rule of Civil Procedure 12(f) as a redundant and immaterial matter. FED. R. CIV. P. 12(f).

## PRAYER

Defendant the City of Pasadena, prays that plaintiffs' asserted official-capacity claims against the mayor and members of the city council be dismissed for failure to state a claim, or in the alternative, stricken as a redundant and immaterial matter, and for such other and further relief to which it is entitled.

---

6-2 redistricting plan, have indicated that they intend to retain separate counsel, presumably with the intent of advocating their previously-espoused political positions. Since the city is the only real party in interest, the presence of multiple parties providing different and potentially contradictory positions, allegedly on behalf of the same party, would dramatically complicate the litigation.

Indeed, notwithstanding the Supreme Court's admonition that individual officials have no justiciable interest in the outcome of litigation in their official capacity or the lack of any authority from the Pasadena City Council to represent the public officials in their official capacity, Messrs. Chad Dunn and Rick Molina have purported to represent the three council members. *See Bender*, 475 U.S. at 544 (members of collegial bodies do not have standing to take a legal position that the body itself has declined to take). While the city maintains that the individual official capacity defendants have no individual interest to be represented separately, nor authority to engage outside representation in their official capacity, it has nevertheless served copies of this motion and the other pleadings filed today on Messrs. Dunn and Molina.

Respectfully submitted,

C. ROBERT HEATH
Texas State Bar No. 09347500
Southern District No. 13381
bheath@bickerstaff.com
GUNNAR P. SEAQUIST
Texas State Bar No. 24043358
Southern District No. 1140733
gseaquist@bickerstaff.com
BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas  78746
Telephone:  (512) 472-8021
Facsimile:    (512) 320-5638


 /s/ *C. Robert Heath*
C. ROBERT HEATH


GENE LOCKE
Texas State Bar No. 12461900
Southern District No. 4969
genelocke@andrewskurth.com
KATHRYN K. ALRICH
Texas State Bar No. 24063686
Southern District No. 1242003
katiealrich@andrewskurth.com
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-3956
Facsimile:   (713) 238-7294


*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. I have served counsel of record listed below via electronic transmission through the Court's ECF system:

>Nina Perales
>nperales@maldef.org
>Ernest Herrera
>eherrera@maldef.org
>MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
>110 Broadway, Suite 300
>San Antonio, TX 78205
>Tel: (210)224-5476
>Fax: (210)224-5382

Additionally, without conceding that individual members of the council sued in their official capacity have a status in this suit separate from that of the city, I have today provided copies of this document by electronic transmission and certified mail, return receipt requested, to Chad Dunn and Rick Molina, who purport to represent councilmembers Harrison, Wheeler, and Ybarra in their official capacities.

>Chad Dunn
>Brazil & Dunn LLP
>4201 Cypress Creek Pkwy, #530
>Houston, TX 77068
>chad@brazilanddunn.com

>Rick Molina
>Molina Law Firm
>11550 Fuqua, Suite 580
>Houston, TX 77034
>rmolina@molinalawfirm.com

/s/ *C. Robert Heath*
C. ROBERT HEATH