IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, | § | |
| MARIA DEL ROSARIO MARTINEZ, | § | |
| MARIA MARI, | § | |
| RODOLFO R. TENREIRO, and | § | |
| PATRICIA GONZALES, | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:14-CV-03241-LHR |
| | § | |
| CITY OF PASADENA, | § | |
| Mayor JOHNNY ISBELL, | § | |
| Council members ORNALDO YBARRA, | § | |
| BRUCE LEAMON, DON HARRISON, | § | |
| PAT VAN HOUTE, | § | |
| CODY RAY WHEELER, PHIL | § | |
| CAYTEN, STEVE COTE, and | § | |
| DARRELL MORRISON, | § | |
| *Defendants* | § | |

## DEFENDANTS' ORIGINAL ANSWER

Subject to the motion to dismiss the official-capacity defendants from this litigation, defendants[1] submit the following answer to Plaintiffs' Original Complaint for Declaratory and Injunctive Relief:

---

[1] The defendants named in the complaint are the City of Pasadena along with its mayor and eight councilmembers, all of whom are sued in their official capacity. The portion of the city charter that is the subject of the complaint was approved by a 5-4 vote of the city council. Three members of the four-person minority on that issue—Councilmembers Harrison, Wheeler, and Ybarra—have indicated their desire to appear in the litigation in a capacity that is independent of the other named defendants and to be represented by separate counsel. As discussed in the contemporaneously filed City of Pasadena's Motion to Dismiss the Official-Capacity Defendants from the Plaintiffs' Original Complaint for Declaratory and Injunctive Relief and in the Certificate of Interested Parties, the city believes that the council-members have no interest separate from that of the city and that they have no standing to assert a position different from that of the city. *See e.g., Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (suit against public officials in their official capacity is a suit against the entity); *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 543-44 (1986) (member of school board sued in his official capacity has no personal stake in the litigation and no standing to take a legal position different than that of the governmental entity). Because the undersigned counsel are the only attorneys who have been authorized by the city to represent it in this suit and since the

1.      Paragraph 1.  Defendants admit the allegations of paragraph 1.

2.      Paragraph 2.  Defendants admit that paragraph 2 sets out a description of what the plaintiffs

        seek in this suit but deny that they are entitled to the relief sought and further deny any

        implication that the election system for Pasadena City Council intentionally discriminates

        against Hispanic voters or cancels out, minimizes, or dilutes the voting strength of Hispanic

        voters.

3.      Paragraph 3.  Defendants admit the allegations of paragraph 3 except to note that 42 U.S.C.

        § 1973 has been recodified as 52 U.S.C. § 10301 and 42 U.S.C. § 1973*l*(e) has been

        recodified as 52 U.S.C. § 10310(e).

4.      Paragraphs 4-11.  Defendants admit the allegations of paragraphs 4-11.

5.      Paragraph 12.  Because of uncertainty regarding the precise data source used, defendants

        are not in a position to admit or deny the specific percentages set out in paragraph 12.

        Defendants, however, admit that the percentage of Pasadena's citizen-voting-age

        population that is Hispanic has grown rapidly from 2000 until the present.

6.      Paragraph 13.  Defendants admit the first two sentences of paragraph 13.  Defendants deny

        the final sentence of the paragraph, since the mayor is authorized to vote even when there

        is not a tie vote.  Pasadena City Charter, art., §§ 1 and 9; art. III, § 6.

7.      Paragraph 14.  Defendants admit the allegations of paragraph 14.

8.      Paragraph 15.  Hispanic citizen-voting-age population for geographic areas the size of a

        single-member district is computed from a five-year sample reported in geographic units—

        *i.e.,* block groups—that are split by Pasadena single-member districts.  Thus, the Hispanic-

---

councilmembers sued solely in their official capacity have no standing or interest that is separate from that of the city, this answer is filed on behalf of all defendants.

citizen-voting-age population for a particular district will depend on the specific five-year sample used and on how the block group data are allocated between council districts split by district lines. Because Hispanic-citizen-voting-age population is a derived number, calculations may not always produce the same result depending on the assumptions and process used to produce the result. Accordingly, defendants cannot admit or deny the precise numbers set out in paragraph 15, although defendants can admit that four of the eight districts had or approximated Hispanic-citizen-voting-age population majorities and a fifth district approximated 45 percent Hispanic-citizen-voting-age population.

9.      Paragraph 16. Defendants admit the allegations of paragraph 16.

10.     Paragraph 17. Assuming that the term "sub-jurisdiction" is intended to have the same meaning as "political subdivision" as it is used in section 5 of the Voting Rights Act, 52 U.S.C. § 10304, defendants admit the allegations of paragraph 17.

11.     Paragraph 18. Defendants admit the substance of paragraph 18, but deny that the call occurred in early July.

12.     Paragraphs 19-21. Defendants admit the substance of paragraphs 19-21 but cannot admit or deny that the actions described occurred on the dates listed.

13.     Paragraph 22. Defendants admit the allegations of paragraph 22 except that they deny the allegation that the mayor was present at the meeting described in that paragraph.

14.     Paragraphs 23 and 24. Defendants admit the allegations of paragraphs 23 and 24.

15.     Paragraph 25. Defendants admit the allegations of paragraph 25 except to note that the description contained in that paragraph is incomplete and may be misleading as it neglects to indicate that the stated reason for the mayor's withdrawing the proposal for a bond

election was the fact that three members of the Council opposed the proposition, which led

him to conclude that proposition was unlikely to be approved by the voters at that time.

16.     Paragraph 26.  Defendants admit the allegations of paragraph 26.

17.     Paragraph 27.  Defendants admit the allegations of the first sentence of paragraph 27 except

to note that the proposition did not effect the change to the city's election system until it

was approved by the voters.  Defendants deny the allegations of the second sentence of

paragraph 27, since they are premised on the incorrect assumption that the mayor votes

only in case of a tie.  *See,* paragraph 6, *supra.* The vote was 5-4, and any one of the five

affirmative votes could be considered the deciding vote.  Defendants admit the allegations

of the third sentence in paragraph 27, but note that the sentence is incomplete and

misleading since it omits the fact that three of the five affirmative votes were cast by

persons who represented constituencies with a Hispanic voting-age-population majority.

18.     Paragraph 28.   Defendants admit the allegations of paragraph 28—*i.e.,* that Council

Member Harrison stated that he believed that the proposed charter amendment violated the

Voting Rights Act.

19.     Paragraph 29.  Defendants admit the allegations of the first sentence of paragraph 29.

Defendants deny the allegations set out in the second sentence for the same reason it denied

the allegations of the second sentence of paragraph 27 of the Complaint.  *See,* paragraph

17, *supra.*   Defendants admit the allegations of the third sentence of paragraph 29 subject

to the same qualifications set out in paragraph 17, *supra*, regarding the allegations

contained in the third sentence of paragraph 27 of the Complaint.

20.     Paragraph 30.  Defendants admit the allegations in the first sentence of paragraph 30.  They

are unable to admit or deny the allegations of the second sentence of paragraph 30, since

they are unaware of any studies regarding racial voting patterns in that election.  They do admit, however, that Hispanics and non-Hispanics, neither of which are racial categories, exhibited different voting patterns in that election.

21.     Paragraph 31.  Defendants admit the allegations of the first sentence of paragraph 31.  It is not apparent from the record of the March 4, 2014, workshop that Mayor Isbell indicated at that time that he favored Plan 2, although defendants do not deny that the mayor favored that plan.

22.     Paragraph 32.  Defendants admit the allegations of paragraph 32 except that they can neither admit nor deny whether the mayor's indication of support for Plan 2 was subsequent to an earlier indication of support.

23.     Paragraph 33.  Defendants admit the allegations of paragraph 33 except that they deny the inference that Council member Van Houte's removal was caused by her exceeding the three minutes allotted to her under the Rules since the order for removal came after multiple warnings and multiple refusals to yield the floor. Defendants note that the time limitations were established by Ordinance No. 2014-020 adopted by the city council and that the amount of time provided under that ordinance to Councilmember Van Houte was extended by the mayor as permitted by the adopted rule prior to her multiple refusals to yield the floor.

24.     Paragraph 34.  Assuming that the date is intended to refer to 2014 rather than 2013, defendants admit the allegations of paragraph 34.

25.     Paragraph 35.  Defendants admit that the change from an eight single-member-district system to one with six single-member districts reduced the number of single-member districts with a Hispanic-citizen-voting-age-population majority from four to three, but

deny that the total number of districts with a Hispanic-citizen-voting-age majority was reduced.

26.     Paragraph 36. Defendants deny the allegations of paragraph 36.

27.     Paragraph 37. Defendants admit the allegations of paragraph 37.

28.     Paragraph 38. The determination of political cohesion requires a statistical, expert analysis that defendants have not yet been able to perform. Thus, they can neither admit nor deny the allegation at this time.

29.     Paragraphs 39-42. Defendants deny the allegations of paragraphs 39-42.

30.     Paragraph 43. Defendants admit that the Hispanic-citizen-voting-age population in Pasadena has grown rapidly and that a Hispanic candidate ran against Mayor Isbell in 2013, but are unable to admit or deny whether Hispanic voters would be likely to elect a candidate of their choice in a majority of single-member districts at some indefinite future date.

31.     Paragraphs 44-45. Paragraphs 44 and 45 merely summarize statutes and do not present factual allegations that need to be admitted or denied.

32.     Paragraph 46. Defendants deny the allegations of paragraph 46.

33.     Paragraph 47. Paragraph 47 merely incorporates the allegations of earlier paragraphs and does not require response other than to indicate that defendants incorporate their response to those earlier paragraphs.

34.     Paragraph 48. Defendants deny the allegations of paragraph 48.

35.     Paragraph 49. Paragraph 49 merely incorporates the allegations of earlier paragraphs and does not require response other than to indicate that defendants incorporate their response to those earlier paragraphs.

36.     Paragraph 50. Defendants deny the allegations of paragraph 50.

6

37.     Paragraph 51.  Paragraph 51 merely incorporates the allegations of earlier paragraphs and

        does not require response other than to indicate that defendants incorporate their response

        to those earlier paragraphs.

38.     Paragraph 52.  Defendants deny the allegations of paragraph 52.

39.     In response to the Prayer, defendants deny that plaintiffs are entitled to any relief.

Respectfully submitted,

C. ROBERT HEATH
Texas State Bar No. 09347500
Southern District No. 13381
bheath@bickerstaff.com
GUNNAR P. SEAQUIST
Texas State Bar No. 24043358
Southern District No. 1140733
gseaquist@bickerstaff.com
BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas  78746
Telephone:  (512) 472-8021
Facsimile:    (512) 320-5638


 /s/ *C. Robert Heath*
C. ROBERT HEATH


GENE LOCKE
Texas State Bar No. 12461900
Southern District No. 4969
genelocke@andrewskurth.com
KATHRYN K. ALRICH
Texas State Bar No. 24063686
Southern District No. 1242003
katiealrich@andrewskurth.com
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-3956
Facsimile:   (713) 238-7294


*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. I have served counsel of record listed below via electronic transmission through the Court's ECF system:

Nina Perales
nperales@maldef.org
Ernest Herrera
eherrera@maldef.org
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210)224-5476
Fax: (210)224-5382

Additionally, without conceding that individual members of the council sued in their official capacity have a status in this suit separate from that of the city, I have today provided copies of this document by electronic transmission and certified mail, return receipt requested, to Chad Dunn and Rick Molina, who purport to represent councilmembers Harrison, Wheeler, and Ybarra in their official capacities.

Chad Dunn
Brazil & Dunn LLP
4201 Cypress Creek Pkwy, #530
Houston, TX 77068
chad@brazilanddunn.com

Rick Molina
Molina Law Firm
11550 Fuqua, Suite 580
Houston, TX 77034
rmolina@molinalawfirm.com

/s/ *C. Robert Heath*
C. ROBERT HEATH