IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, | § | |
| MARIA DEL ROSARIO MARTINEZ, | § | |
| MARIA MARI, | § | |
| RODOLFO R. TENREIRO, | § | |
| PATRICIA GONZALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:14-cv-03241 |
| | § | |
| CITY OF PASADENA, | § | |
| Mayor JOHNNY ISBELL, | § | |
| Council members ORNALDO YBARRA, | § | |
| BRUCE LEAMON, DON HARRISON, | § | |
| PAT VAN HOUTE, | § | |
| CODY RAY WHEELER, PHIL CAYTEN, | § | |
| STEVE COTE, and | § | |
| DARRELL MORRISON, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
MOTION TO DISMISS OFFICIAL CAPACITY DEFENDANTS**

Plaintiffs Alberto Patiño, Maria Del Rosario Martinez, Maria Mari, Rodolfo Tenreiro and Patricia Gonzales ("Plaintiffs) file this response in opposition to the Motion to Dismiss the Official Capacity Defendants filed by Defendant City of Pasadena ("the City"). For the reasons explained below, the city council members, who are named as defendants in their official capacity, are required parties and their participation in the case is necessary to secure the injunctive relief sought by Plaintiffs.

**I.   INTRODUCTION**

This case challenges the change in method of election of members of the eight-member Pasadena City Council. In a close election in November 2013, Pasadena changed its election

system from eight single member districts to six single member districts and two seats elected at-large. As a result of the new system, the number of Pasadena city council members elected from Latino-majority districts drops from four to three. Plaintiffs seek declaratory and injunctive relief, including the adoption of a new City redistricting plan.

## II. ARGUMENT

The inclusion of the Pasadena mayor and other members of the city council is critical to securing full relief in the case. After Plaintiffs establish that they are entitled to a new redistricting plan, the city council will have to draft, debate and ultimately enact a new arrangement of district boundaries. The city council will also have to call and conduct an election under the new redistricting plan. The process of enacting a new redistricting plan is time-intensive, complex, and involves weighing local considerations and legal requirements. Unlike issuing a check for money damages—a ministerial act—relief in this case requires the presence and participation of the mayor and other members of the city council. For this reason, the official capacity defendants are required parties and they are not redundant.

The level of agreement among the members of the city council when they adopted the challenged redistricting plan does not determine whether they should be included in the lawsuit. It is inevitable that official capacity defendants will have different recollections and opinions about the City's decision. Whether the official capacity defendants are required parties does not turn on whether they all agree but instead turns on whether the council members' inclusion in the case is necessary to secure complete relief.

### a. Applicable Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of a plaintiff's claim for relief in the complaint. *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir.

2009). The ultimate determination in a Rule 12(b)(6) motion concerns whether the complaint states a valid cause of action when viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *See Lowery v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Lowrey*, 117 F.3d at 247.

### b. The Official Capacity Defendants are Required Parties

Fed. R. Civ. P. 19(a) requires that a party be joined where "in that person's absence, the court cannot accord complete relief among existing parties." *See also Sch. Bd. of Avoyelles Parish v. U.S. Dep't of Interior*, 647 F.3d 570, 578 (5th Cir. 2011). Here, the members of the city council are required parties because the relief sought by Plaintiffs cannot be carried out by anyone other than the members of the city council.

The Pasadena City Charter assigns responsibility for enacting new redistricting plans and conducting elections to the members of the city council. *See* Pasadena, Texas, Municipal Charter, Art. II, § 4, and Art. IV §§ 1 and 4.[1] The City's employees (including the City Secretary), do not have the power to enact a redistricting plan or conduct an election. Similarly the mayor, acting alone, lacks authority to enact a redistricting plan or conduct an election. *Id.*

Where there are "legitimate concerns that, absent [a specific] party, the carrying out of any court order could become difficult," that party must be included in the case. *Sanchez v. R.G.L.*, 761 F.3d 495, 507 (5th Cir. 2014). In *Sanchez*, a case brought by a Mexican citizen to recover her children who had been taken across the border to the U.S. by other relatives, the Fifth Circuit concluded that although it was unclear whether the federal government had legal or

---

[1] *Available at*
https://www.municode.com/library/tx/pasadena/codes/code_of_ordinances?nodeId=CH_ARTIVEL_S1GEEL .

3

physical custody of the children, out of caution and to ensure that any remedial order could be carried out, the federal government should be joined. *Id.*

Here, because members of the Pasadena city council must act in order to provide complete relief to Plaintiffs, the officials are required parties and must be included in the case. There is no doubt that the City, as a governmental entity, would be bound by a court order issued against it in this case. However, if members of the city council are not parties to the case, they can refuse to take the acts necessary to implement a court-ordered remedy. In that situation, the Court risks the inability to effectuate its orders. *See, e.g. Fury v. Cnty. Court of Wood Cnty.*, 608 F. Supp. 198, 200 (S.D.W. Va. 1985) (requiring plaintiffs "to include as Defendants the County Commission of Wood County and its Commissioners" to ensure that plaintiffs would be able to enforce any remedial order).

If members of the city council are not parties to this action, they cannot be held liable and will not be bound to implement any injunctive relief. In *Spallone v. United States*, 493 U.S. 265 (1990), the U.S. Supreme Court concluded that because city council members were not parties to a housing discrimination suit against the City of Yonkers, NY, the district court could not force the city council members to implement a consent decree earlier approved by the city. The litigation, which challenged the city's placement of subsidized housing, resulted in a district court finding that the two named defendants, the City of Yonkers and its community development agency, had purposefully discriminated against minorities. Following affirmance of the decision on appeal, the parties entered into a consent decree but the city's legislative powers were vested in its city council and four members of the council refused to vote for measures that would implement the consent decree. Reversing the imposition of contempt sanctions on the members of the council, the Supreme Court explained:

4

> The city, as we have noted, was a party to the action from the beginning, had been found liable for numerous statutory and constitutional violations, and had been subjected to various elaborate remedial decrees which had been upheld on appeal. Petitioners, the individual city councilmembers, on the other hand, were not parties to the action, and they had not been found individually liable for any of the violations upon which the remedial decree was based.

*Spallone*, 493 U.S. at 276.

The Supreme Court's decision in *Spallone* establishes the principle that official capacity defendants, such as city council members, should be included in litigation against governmental entities in order to ensure the court's ability to enforce its remedial orders. Here, where Plaintiffs' complaint includes claims of racial discrimination, and the Pasadena city council members are vested exclusively with the authority to enact a remedial redistricting plan and conduct elections under the new plan, the members of the Pasadena city council are required parties and their participation is critical to securing complete relief in the case.

### c. The City Council Defendants are not Redundant

In its Motion to Dismiss, the City argues that the presence of official capacity defendants in this case is "duplicative" and thus the claims against them should be dismissed. (City Mot. to Dismiss at 4). However, the two cases on which the City largely relies—*Monell v. New York City Dept. of Social Servs.* and *Kentucky v. Graham*—do not support the City's argument. Neither *Monell* nor *Graham* considered the dismissal of official capacity defendants.

In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governments are amenable to suit under 42 U.S.C. § 1983. *Monell*, 436 U.S. at 690 ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."). *Monell* never considered the question whether

5

official capacity defendants are redundant or should be dismissed. Of note, the defendants in *Monell* included local governments and officials sued in their official capacity. *Id*. at 661 ("Named as defendants in the action were the Department and its Commissioner, the Board and its Chancellor, and the city of New York and its Mayor. In each case, the individual defendants were sued solely in their official capacities.").

Put simply, although *Monell* decided the question whether local governments could be sued under § 1983, *Monell* never addressed whether officials should be sued in their official capacities when a local government is also sued. *Monell*'s only mention of official capacity defendants, in a footnote, merely states that official capacity defendants can be sued under § 1983 in the same way that local governments can be sued:

> Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent—at least where Eleventh Amendment considerations do not control analysis—our holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are "persons" under § 1983 in those cases in which, as here, a local government would be suable in its own name.

Id. at 691, n. 55.

Similarly, the U.S. Supreme Court's decision in *Kentucky v. Graham*, 473 U.S. 159 (1985), had nothing to do with whether official capacity defendants should be dismissed from a case that also includes a local government defendant. The question presented in *Graham* was "[whether] 42 U.S.C. § 1988 [] allow[s] attorney's fees to be recovered from a governmental entity when a plaintiff sues governmental employees only in their personal capacities and prevails." *Id*. at 161. The Supreme Court logically concluded that a plaintiff may only recover attorney's fees from a governmental entity in an action against a governmental employee in his official capacity. *Id*. at 166 (reasoning that in an official capacity suit, "the real party in interest is the entity" because "a plaintiff seeking to recover on a damages judgment in an official

6

capacity suit must look to the government entity itself."). However, *Graham* never dealt with an official capacity defendant – the Supreme Court noted that the state police commissioner in that case could not be sued in his official capacity because the Eleventh Amendment to the U.S. Constitution bars a damages action against Kentucky and its state officials in federal court. *Id.* at 169.

It is important to note that the plaintiffs in *Monell* and *Graham* sought money as their relief. The Supreme Court's discussion of official capacity defendants, peripheral in both cases, relates to the obligation of a government defendant to pay the plaintiff. The Supreme Court's language in these cases, recognizing that actions for *damages* against official capacity defendants necessarily implicate the entity because the latter is responsible for paying the claim, falls far short of a declaration that official capacity defendants should be dismissed. *See Familias Unidas v. Briscoe*, 619 F.2d 391, 403 (5th Cir. 1980).

In all but two of the cases cited by the City of Pasadena for the proposition that only the governmental entity need be sued, the plaintiffs sought money damages from governmental entities. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (breach of contract claim for money damages); *Hafer v. Melo*, 502 U.S. 21, 21 (1991) (suit for money damages following termination from employment; did not address dismissal of official capacity defendants); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (damages sought in wrongful death suit; did not address dismissal of official capacity defendants); *Castro Romero v. Becken*, 256 F.3d 349, 352 (5th Cir. 2001) (sought money damages for construction on Native American burial grounds); *Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 F. App'x 876, 877 (5th Cir. 2009) (assault in jail by fellow inmate); *Clark v. La Marque Indep. Sch. Dist.*, 54 F. App'x 412 (5th Cir. 2002) (challenging plaintiff's dismissal from employment); *Thomas v. City of*

*Galveston, Texas,* 800 F. Supp. 2d 826, 831 (S.D. Tex. 2011) (police excessive force and denial of due process); *Broussard v. Lafayette City-Parish Consol. Gov't*, No. 13-CV-2872, 2014 WL 4428560, at *1 (W.D. La. Sept. 5, 2014) (police officer sought money damages for employment related claims); *Kingsville Indep. Sch. Dist. v. Cooper*, 611 F.2d 1109, 1114 (5th Cir. 1980) (plaintiff sought money damages in employment claim; did not address dismissal of official capacity defendants); *Gaalla v. Citizens Med. Ctr.*, No. CIV.A. 6-10-14, 2012 WL 2870701, at *1 (S.D. Tex. July 10, 2012) (suit for money damages and injunctive relief following denial of hospital privileges).[2]

In an action for damages, it is sufficient to secure complete relief that the court finds the governmental entity liable and orders it to pay damages to the plaintiff. The official sued in his official capacity plays no role in the remedy. In contrast, an action for injunctive relief against an individual in his official capacity requires more at the remedy stage. Thus, "plaintiffs who seek injunctive relief may name … individual … officials as parties, provided that the claim for injunctive relief is properly directed at those … officers." *Tschanneral v. District of Columbia Board of Education*, 594 F. Supp. 407 (D.C. Cir. 1984) (Court dismissed plaintiffs' action for damages against the Board of Education, but allowed plaintiffs' claim for injunctive relief against individual Board members); *see also Finberg v. Sullivan*, 634 F.2d 50, 54 (3d Cir. 1980) (concluding that, in an action challenging the constitutionality of the state's postjudgment garnishment procedures, state officials were properly named as defendants because they were charged with issuing the writ of execution and serving it on the plaintiff).

---

[2] The two cases cited by the City of Pasadena that did not seek money damages were both First Amendment cases seeking prohibitory injunctions in which the defendants were not required to take legislative action in the manner that plaintiffs seek here. *Shanks v. Parish of Jefferson, La*., No. CIV.A. 04-1057, 2004 WL 1737904, at *1 (E.D. La. July 30, 2004); *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780 (9th Cir. 2008).

In short, municipal officials' participation as official-capacity defendants in cases seeking injunctive relief is well-recognized. *See, e.g.*, *Henrietta v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003) (affirming the district court's award of injunctive relief against municipal officials, whose administration of the state's benefits programs violated the Americans with Disabilities Act and the Rehabilitation Act); *Pennsylvania v. Baumann*, 659 F.2d 306 (3d Cir. 1981) (affirming the district court's order enjoining municipal officials from encouraging, affirming, or engaging in conduct in violation of the constitutional rights of state citizens). Given the complexity of implementing a remedial order in this case, and the required participation of the members of the Pasadena city council, the city council members should be included as defendants in their official capacity.

### III.   CONCLUSION

For the reasons set out above, Plaintiffs respectfully request that the City's Motion to Dismiss Official Capacity Defendants be denied.

Dated: January 30, 2015                                   Respectfully submitted,


                                                          */s/ Nina Perales*
                                                          Nina Perales
                                                          Attorney-in-charge
                                                          Texas Bar No. 24005046
                                                          SDTX Bar No. 21127
                                                          Ernest Herrera
                                                          (*pro hac vice*)
                                                          MEXICAN AMERICAN LEGAL DEFENSE AND
                                                          EDUCATIONAL FUND
                                                          110 Broadway, Suite 300
                                                          San Antonio, TX 78205
                                                          Tel: (210)224-5476
                                                          Fax: (210)224-5382


CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 30th day of January, 2015. I have served counsel of record listed below via electronic transmission through the Court's ECF system:

C. ROBERT HEATH
bheath@bickerstaff.com
GUNNAR P. SEAQUIST
gseaquist@bickerstaff.com
BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: (512) 472-8021
Facsimile: (512) 320-5638

GENE LOCKE
genelocke@andrewskurth.com
KATHRYN K. ALRICH
katiealrich@andrewskurth.com
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-3956
Facsimile: (713) 238-7294

Chad Dunn
Brazil & Dunn LLP
4201 Cypress Creek Pkwy, #530
Houston, TX 77068
chad@brazilanddunn.com

Rick Molina
Molina Law Firm
11550 Fuqua, Suite 580
Houston, TX 77034
rmolina@molinalawfirm.com

*/s/ Nina Perales*
Nina Perales