IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, | § | |
| MARIA DEL ROSARIO MARTINEZ, | § | |
| MARIA MARI, | § | |
| RODOLFO R. TENREIRO, and | § | |
| PATRICIA GONZALES, | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:14-CV-03241-LHR |
| | § | |
| CITY OF PASADENA, | § | |
| Mayor JOHNNY ISBELL, | § | |
| Council members ORNALDO YBARRA, | § | |
| BRUCE LEAMON, DON HARRISON, | § | |
| PAT VAN HOUTE, | § | |
| CODY RAY WHEELER, PHIL | § | |
| CAYTEN, STEVE COTE, and | § | |
| DARRELL MORRISON, | § | |
| *Defendants* | § | |

**THE CITY OF PASADENA AND OFFICIAL-CAPACITY DEFENDANTS' RESPONSE TO DEFENDANTS CODY RAY WHEELER, ORNALDO YBARRA, AND DON HARRISON'S MOTION TO STRIKE UNAUTHORIZED PLEADINGS (DKT.'S 10, 11, AND 12) AND MOTION TO SHOW AUTHORITY**

Three members of the Pasadena City Council who have been sued in their official capacity ask the Court to strike portions of the motion to dismiss the official-capacity defendants and the answer, both of which were filed on behalf of all defendants [Doc. 14]. Specifically, they seek to strike the motion and answer insofar as those documents are filed on their behalf. The movants offer no authority in support of their motion and fail to acknowledge or recognize the nature of their status as official-capacity defendants who are nominal defendants only and whose identity for purposes of the litigation is subsumed within that of the city. Their motion is without merit and should be denied.

**I.     The Motion to Strike and to Show Authority Does Not Comply with the Local Rules.**

Although Local Rule LR 7.1.B requires that any opposed motion "include or be accompanied by authority," the motion to strike and to show authority fails to refer to any rule, statute, case, or other legal authority.  As a result, the Court and the city are left to guess at the movants' rationale and at what legal authority, if any, the three official-capacity defendants believe supports the motion.  The closest the motion comes to explaining the basis for even a part of the motion is found in the section labeled "Background."   There, the motion states "counsel for the City has been informed orally and in writing that these Defendants believe a legal conflict prevents counsel for the City from entering an appearance on behalf of these Defendants." Doc. 14 at 2.  That fragment of a sentence represents the entirety of the description of the alleged conflict, and presents no indication of the source of the alleged conflict.  The sentence does refer to a prior indication orally and in writing delivered to counsel for the city.  Of course, that gives the Court no information on what the alleged conflict might be.

Neither does it inform counsel for the city since the written correspondence mentioned contained no detail regarding the source of the asserted conflict.  The entire written correspondence between counsel for the city and counsel for the three official-capacity defendants is attached in the appendix to this motion, and the only thing it states regarding conflicts is that "The legal conflicts are governed by article X of the Texas Disciplinary Rules of Professional Conduct." App. at 9.  There is no article X of the Disciplinary Rules, although the Disciplinary Rules are found at article X of the State Bar Rules.  Presumably, this is what counsel for the three official-capacity defendants is referring to, but since article X encompasses the entirety of the Disciplinary Rules, it does not identify the nature or source of any conflict.  Upon receiving the claim of a conflict, counsel for the city wrote to Mr. Molina and Mr. Dunn asking them to explain the nature of the

alleged conflict, App. at 20-21, but there has been no response to that request. The city and the Court must speculate both on the basis for the motion and on whether it has any legal support. This sort of nebulous and wholly unsupported claim offers a clear example of what local rule 7.1 was designed to prevent.

## II. The motion is based on a failure to recognize the status of an official-capacity defendant.

In parsing the six sentences of the "Background" and the two sentences of the "Motion," which together constitute the entirety of the three councilmembers' motion, it appears that the sole basis (other than the alleged, but unidentified, conflict) for the motion to strike portions of the pleadings is that these three official-capacity-defendants do not wish to be represented by the attorneys retained by the city but, instead, prefer to have their own attorneys participate.[1] The movants, however, misunderstand the effect of being named as defendants in their official capacities. There is neither a right nor a reason for separate counsel from the city because the three defendants and the city are one and the same.

Although the motion simply refers to the movants as "defendants," the suit makes clear that they are sued solely in their official capacities. Plaintiff's Original Complaint for Declaratory and Injunctive Relief [Doc. 1] at ¶ 10, p. 3 ("Council members ORNALDO YBARRA, . . . DON HARRISON, . . . CODY RAY WHEELER . . . are sued in their official capacity."). Courts, including the Supreme Court, have made it clear that a public official sued in his or her official capacity assumes a different status than an individual sued in his or her personal capacity. In fact,

---

[1] "Each of these Defendants, as well [*sic*] the undersigned attorneys, have informed counsel for the other Defendants that they do not wish to be represented by counsel for the City of Pasadena. . . . Defendants desire their own counsel and specifically reject being represented by counsel who have been hired to represent the majority of the Council-members and the City's mayor." Defendants Cody Ray Wheeler, Ornaldo Ybarra, and Don Harrison's Motion to Strike Unauthorized Pleadings (Dkt's 10, 11, and 12) and Motion to Show Authority [Doc. 14] at 2.

if a person is sued in both his official and personal capacity, it is as if the suit is against two different individuals who have different and potentially conflicting positions. *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 543 n.6 (1986) ("Acts performed by the same person in two different capacities 'are generally treated as the transaction of two different legal personages.'" [citation omitted]); *Johnson v. Bd. of Cnty. Comm'rs,* 85 F.3d 489, 493 (10th Cir. 1996) ("Given the potential conflict between the defenses available to a government official sued in his individual and official capacities, we have admonished that separate representation for the official in his two capacities is a 'wise precaution.'" [citation omitted]). Had these three persons been sued in their individual capacities or sued in both their official and individual capacities,[2] the right, and perhaps the necessity, to be represented by separate counsel would not be at issue. They are defendants, however, solely in their official capacities and, accordingly, they have no interest in the suit distinct from that of the city. *E.g., Kentucky v. Graham,* 473 U.S. 159, 166 (1985).

The Supreme Court has made it clear that a suit against an individual in his or her official capacity is simply another way of pleading a suit against the city, is treated in all respects other than name as a suit against the city, and is not a suit against the official personally. *Id.* Indeed, public officials sued in their official capacities are not "'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo,* 502 U.S. 21, 27 (1991).[3] The absence of any personal interest in the suit is perhaps best illustrated by the fact that

---

[2] It would not be enough merely to name the three in their individual capacities. The complaint would additionally need to allege a claim that sought relief against them individually. In *Bender*, for example, the complaint named the defendant who sought to assert an independent legal position in both his official and individual capacities, but the Supreme Court noted that no relief was sought against him in his individual capacity. Accordingly, the only status he had in the suit was in his official capacity, which meant that the real party at interest was the governmental entity and that the official-capacity defendant had no standing to take a litigation position independent of the governmental body. *Bender,* 475 U.S. at 543.

[3] In a suit brought under 42 U.S.C. § 1983, the state is not considered to be a person for purposes of the statute while an individual would be. Since the official capacity defendants assumed the identity of their employer, the state, they were not considered to be persons for purposes of the statute.

4

if these three individuals leave office, their successors would be substituted as defendants even though the successors had no involvement in the facts giving rise to the litigation. FED. R. CIV. PROC. 25(d)(1); *Raines v. Byrd*, 521 U.S. 811, 821 (1997); *Hafer,* 502 U.S. at 25. Further, they would have no unique defenses, since immunities and similar defenses that might be available to an individual cannot be asserted because their defenses are limited to the ones belonging to the city. *Id.*

The purpose of the three official-capacity defendants' motion is apparently to permit them to take a different litigation position than the city, yet the Supreme Court has expressly held that an official-capacity defendant has no standing to take an independent litigation position. *Bender*, 475 U.S. at 543-44. Because the three public officials sued in their official capacities are encompassed within and no different than the defendant city and because the city's position in the suit is determined only by a majority of the city council, *Bender*, 475 U.S. at 544 and n. 7, these three have and can have no position in the suit independent of that of the city.

### III.   The city has retained counsel to defend this action and has not retained the counsel who allegedly represent the three dissenting councilmembers.

As indicated in the appendix to this response, the City of Pasadena has employed the law firms of Bickerstaff Heath Delgado LLP and Andrews Kurth LLP to represent it in this matter. App. at 22-39. It has taken no action to retain the attorneys who purport to represent the three movants. App. at 40. Since the official-capacity defendants are nominal parties only while the city is the real party at interest and since the nominal parties have no standing to assert an independent litigation position, *e.g. Bender*, 475 U.S. at 543-44, only the counsel retained by the city have authority to appear.

## IV. The dissenting councilmembers' motion underscores the importance of granting the city's motion to dismiss the official-capacity defendants.

As the city's motion to dismiss the official-capacity defendants [Doc. 10] notes, there is a possibility that the city and some of its councilmembers will assert separate and potentially conflicting defenses even though the law recognizes the city and the councilmembers sued in their official capacities as a unitary defendant. City of Pasadena's Motion to Dismiss Official-Capacity Defendants [Doc 10] at 5-6. An examination of the answer filed by the three official-capacity defendants [Doc. 13] reveals that it takes different positions than the city does in its answer [Doc. 11]. Doc. 13, ¶¶ 22, 27, 29, 33, 35, 36, 38, 39, 40, 41, 42, 43, 48. The three official-capacity defendants are without legal standing to assert such a position. As the city's motion noted [Doc. 10 at 6], separate participation by the official-capacity defendants is simply an attempt by those councilmembers to bring the policy debate from the council chamber to the courtroom, where the merits of the policy issue are not presented, but instead is where the Court must determine if the policy adopted by the council and the city's voters meets the requirements of the law. The official-capacity defendants' motion and answer demonstrate that asking the Court to become involved in the policy debate is exactly what would happen here if the three were to participate as parties.

**Conclusion.**

The official-capacity defendants are nominal parties only and have no status in this litigation separate from that of the city.  Accordingly, the Court should deny the motion to strike portions of the city's motion to dismiss the official-capacity defendants.  Additionally the Court should grant the city's motion to dismiss the official-capacity defendants and should strike their separate answer.

OF COUNSEL:

GUNNAR P. SEAQUIST
Texas State Bar No: 24043358
Southern District No: 1140733
gseaquist@bickerstaff.com
BICKERSTAFF HEATH
DELGAGO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: (512) 472-8021
Facsimile: (512) 320-5638

GENE L. LOCKE
State Bar No. 12461900
Southern District No. 4969
glocke@andrewskurth.com
KATHRYN K. AHLRICH
State Bar No. 24063686
Southern District No. 1242003
katieahlrich@andrewskurth.com
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-3956
Facsimile:  (713) 238-7294

Respectfully submitted,

By:   /s/ C. Robert Heath
        C. ROBERT HEATH
        Texas State Bar No. 09347500
        Southern District No. 13381
        bheath@bickerstaff.com
        BICKERSTAFF HEATH
        DELGADO ACOSTA LLP
        3711 S. MoPac Expressway
        Building One, Suite 300
        Austin, Texas 78746
        Telephone: (512) 472-8021
        Facsimile: (512) 320-5638

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

This is to certify that on February 6, 2015, a true and correct copy of the foregoing document was served on all counsel of record via the electronic case filing system of the United States District Court for the Southern District of Texas.

>  /s/ *C. Robert Heath*
>  C. Robert Heath