IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, | § | |
| MARIA DEL ROSARIO MARTINEZ, | § | |
| MARIA MARI, | § | |
| RODOLFO R. TENREIRO, and | § | |
| PATRICIA GONZALES, | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:14-CV-03241-LHR |
| | § | |
| CITY OF PASADENA, | § | |
| Mayor JOHNNY ISBELL, | § | |
| Council members ORNALDO YBARRA, | § | |
| BRUCE LEAMON, DON HARRISON, | § | |
| PAT VAN HOUTE, | § | |
| CODY RAY WHEELER, PHIL | § | |
| CAYTEN, STEVE COTE, and | § | |
| DARRELL MORRISON, | § | |
| *Defendants* | § | |

**THE CITY OF PASADENA'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OFFICIAL-CAPACITY DEFENDANTS**

Defendant, the City of Pasadena, Texas (the "City"), on behalf of its public officials, who are named as defendants solely in their official capacities, files this *Reply in Support of its Motion to Dismiss the Official-Capacity Defendants from the Plaintiffs' Original Complaint for Declaratory Relief and Injunctive Relief*, and respectfully shows the Court the following:

**I.
INTRODUCTION AND SUMMARY OF REPLY**

As the U.S. Supreme Court has made clear, a suit against a city official is, in all respects other than name, a suit against the city itself. Applying this maxim, federal courts have roundly supported the dismissal of redundant official-capacity defendants when the governmental entity was subject to suit in its own name. Here, Plaintiffs incorrectly assert that the City of Pasadena's mayor and city councilmembers, sued only in their official capacities, are necessary to the Court's ability to award and enforce that injunctive relief. That argument misunderstands the import and

effect of suing the named defendants in their official capacities. Indeed, because Plaintiffs' official capacity claims are, as a matter of law, entirely coterminous with their claims against the City, any injunctive relief imposed against the City would necessarily be binding on the City's officers in their official capacity. Plaintiffs cite no authority and make no serious argument otherwise.

Instead, the gravamen of Plaintiffs' argument is that the official-capacity defendants should be kept in this action so that the Court may impose *personal liability* in the form of contempt sanctions if the councilmembers inexplicably refuse to comply with a future order of the Court. That imagined scenario strains credulity. It also lends no support to Plaintiffs' erroneous belief that the named defendants are necessary parties to this action. As Plaintiffs' own cited authority makes clear, individual sanctions against legislative officials are not an appropriate means of coercing legislative action; to the contrary, a contempt sanction is properly directed against the governmental entity, not individual officials. Furthermore, even in a scenario in which sanctions were appropriate, the Court's ability to impose *individual* contempt sanctions is neither dependent on, nor aided by, the inclusion of a city officer in his or her *official* capacity.

Finally, Plaintiffs' rationale that the official-capacity defendants are necessary in the event the Court is called upon to use its contempt powers to effect a new redistricting plan rings especially hollow in the context of a claim under the Voting Rights Act because the Court may impose its own redistricting plan in the event it is ultimately dissatisfied with efforts by the City. Not surprisingly, Plaintiffs plead for this exact relief in their complaint. Accordingly, Plaintiffs are able to obtain full relief through their suit against the City and the inclusion of the named official-capacity defendants in this action is superfluous. The Court should grant the City's motion and dismiss the official-capacity defendants.

## II.
## ARGUMENT AND AUTHORITIES

**A. The official-capacity defendants are not necessary parties for the Court to award or enforce declaratory or injunctive relief.**

As the Supreme Court has explained, there is no need to bring official-capacity actions against local government officials, because "local government units can be sued directly for damages *and injunctive or declaratory relief*." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (emphasis added). In their response, Plaintiffs do not seriously dispute this well-settled principle but nevertheless maintain that "the members of the city council are required parties because the relief sought by Plaintiffs cannot be carried out by anyone other than the members of the city council." (Clerk's Doc. 15, p. 3). Plaintiffs' further posit that, "[i]f members of the city council are not parties to this action they cannot be held liable and will not be bound to implement any injunctive relief." (*Id.* at p. 4). However, a suit against a governmental officer "in his official capacity" is the same as a suit "'against [the] entity of which [the] officer is an agent [.]'" *Graham*, 473 U.S. at 165. As such, the inclusion of an official capacity defendant in this case where the City is named as a defendant is simply duplicative and the Court should dismiss those officials. *See, e.g., Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir.2001).

Contrary to Plaintiffs' suggestion, this redundancy of the official-capacity claims is equally applicable to a suit for injunctive relief as it is to a suit for monetary damages. In the same way that a suit for damages against a municipal official ultimately seeks payment from the city rather than the individual officer, an official-capacity claim for injunctive relief against a municipal officer does not seek to control the individual or personal actions of the officer, but instead to control the official actions and policies of the city. *See Graham*, 473 U.S. at 166 (explaining that official-capacity suits actually seek to impose liability against the governmental unit rather than the named individual).

Thus, an injunctive order against an official-capacity defendant does not implicate the personal actions of any individual officer, but instead binds the governmental body through the official actions of a given officeholder. *American Policyholders Ins. Co., v. Nyacol Products, Inc.*, 989 F.2d 1256, 1259 (1st Cir. 1993).

Where, as here, the governmental body is named as a defendant and may therefore be bound directly, there is no additional need to maintain an official as a defendant in the action. *See, e.g., Comer v. Housing Auth. of City of Gary, Ind.*, 615 F.Supp.2d 785, 789-90 (N.D. Ind. 2009) (rejecting the contention that it was necessary to sue city officers in their official capacity in order to bind them individually to any injunctive relief that might be issued in the case and holding instead that such relief was available directly against the city); *Zervas v. Dist. of Columbia*, 817 F.Supp. 148, 151 (D.D.C. 1993) (concluding that officers sued in their official capacities could be dismissed from the case because "[a]ny injunctive relief that the Court might grant against the District of Columbia will be binding as to [official-capacity] defendants").[1] In this case, therefore, suing the mayor and councilmembers in their official capacities is redundant because any injunctive relief imposed against the City will necessarily be binding on the City's officers in their official capacity.

The authorities advanced by Plaintiffs are not to the contrary. In fact, each of the authorities cited by the Plaintiffs for the proposition that city officials are necessary parties for injunctive relief is wholly inapposite or readily distinguishable, either because those cases addressed the issue

---

[1] *See also, Haines v. Brand*, No. C-11-1335 EMC, 2011 WL 6014459 at *3 (N.D. Cal. Dec. 2, 2011) (holding officials are unnecessary parties for injunctive relief against a city, because the proper defendant for purposes of injunctive relief in a section 1983 action is the city itself); *Coconut Beach Devel. LLC v. Baptiste*, No. 08-00036 SOM, 2008 WL 1867933 at *3-4 (D. Haw. April 28, 2008) (recognizing that claims against officers in their official capacity, including claims for injunctive relief, should be dismissed where they duplicate claims against the governmental entity and collecting cases); *Disability Rights Council of Greater Washington v. District of Columbia*, No. Civ.A. 04-0529, 2005 WL 513495 at *1 n.1 (D.D.C. March 3, 2005) (naming District of Columbia as a defendant ensured the effectiveness of any injunctive order, and it was not necessary to name individual officers in their official capacities).

of whether the correct governmental body had been named at all or because the case involved a situation in which the body itself was immune from suit, thereby rendering the official-capacity defendant a necessary party.

For example, in *Sanchez v. R.G.L.*, the Fifth Circuit did not address whether an official was a necessary party to secure the effectiveness of injunctive relief. Instead, the Court addressed the completely unrelated question of who the proper defendant was in an action for the return of children under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act. 761 F.3d 495, 500 (5th Cir. 2014). There, the plaintiffs sought to recover her children by suing the children's aunt and uncle and the director of a private placement agency that arguably had physical possession of the children. *Id.* However, the plaintiffs failed to join the U.S. Government, which had temporary legal custody of the children. *Id.* at 506. The Fifth Circuit held that, as the legal custodian, the "joinder of the Government is required" to resolve the children's status. *Id.* Notably, the Court held only that the U.S. Government was a necessary party, and made no finding that a governmental officer in his or her official capacity was a necessary party for the Court to award or enforce injunctive relief declaring the status of the children. *Id.* at 507. As such, *Sanchez* provides no support for the maintenance of the official-capacity defendants in this case.

Plaintiffs' reliance on *Fury v. County Court of Wood County*, a 1985 district court opinion from West Virginia, is similarly misplaced. 608 F. Supp. 198 (S.D. West Virginia 1985). That case decided a specific issue relating to which entity was the plaintiffs' statutory employer for purposes of a Fair Labor Standards Act claim. *Fury*, 608 F. Supp. at 199. The motions before the court "turn[ed] upon the issue of whether County Commission [was] the Plaintiffs' employer or whether Plaintiffs [were] employed by the elected officials in whose offices they work[ed]." *Id.*

The court's opinion expressly states that its analysis was controlled by a West Virginia statute that dictated that the County Commission *and* the individual elected county officials were joint employers of the Plaintiffs. Thus, both were necessary parties. *Id.* On its face, *Fury* merely addressed a narrow issue of employment law in the context of an idiosyncratic state law provision regarding county employees. The opinion contains no analysis of whether individual officials are a necessary party to section 1983 injunctive relief when the governmental body is also a named defendant, and therefore lends no credence to Plaintiffs' argument here.

The remaining authorities cited by Plaintiffs for the proposition that individual officials are necessary parties for injunctive relief are also unavailing. None of those cases involved a factual scenario, such as the one presented here, in which official-capacity defendants were sued notwithstanding the fact that the governmental entity was both amenable to suit in its own name and actually named as a party in the action. *Tschanneral v. Dist. of Columbia Bd. of Educ.*, 594 F.Supp. 407, 409 (D.D.C. 1984) (Where the board could not be sued and plaintiffs had not sued the District of Columbia, plaintiffs could seek injunctive relief against public officials); *Finberg v. Sullivan*, 634 F.2d 50, 53-55 (3rd Cir. 1980) (In a suit filed pre-*Monell* in which the governmental entity was not named as a defendant, the court relied upon *Ex Parte Young* to conclude that named state officials were proper (though not necessary) parties to injunctive relief); *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2nd Cir. 2003) (In another case in which the governmental entity was not named, the court found that a state officer sued in her official capacity under the doctrine of *Ex Parte Young*, was a public entity subject to liability under the ADA); *Commonwealth of Pennsylvania v. Porter*, 659 F.2d 306 (3rd Cir. 1981) (Suit by state to enjoin individual officials in which the municipality was not made a party).

Put simply, the position asserted in Pasadena's motion to dismiss in this case is not that official-capacity defendants *may never* be included in a claim for declaratory relief. The City merely asserts that the inclusion of Pasadena's mayor and council members in this case is redundant to Plaintiffs' claims for relief against the City and therefore inappropriate under established federal precedents. Plaintiffs' Response is devoid of any authority to support the proposition that, in the presence of the City as a defendant, the named Pasadena officials are necessary parties to the injunctive relief they are seeking. Indeed, it is clear that they are not. Plaintiffs' claims against the mayor and city councilmembers merely duplicate their claims against the City itself, and therefore should be dismissed.

**B. The Supreme Court's *Spallone* decision does not hold that official-capacity defendants are necessary parties, and instead supports Pasadena's position that the City is the proper party for injunctive relief.**

In their response to Pasadena's Motion to Dismiss, Plaintiffs incorrectly construe the U.S. Supreme Court's decision in *Spallone v. United States* to hold that "official capacity defendants, such as city council members, should be included in litigation against governmental entities in order to ensure the court's ability to enforce its remedial orders." (Clerk's Doc. 15, p.5 citing 493 U.S. 265, 276 (1990)). *Spallone*, however, supports the opposite conclusion.

As a threshold matter, *Spallone*'s mention of the party status of individual city councilmembers was not, as Plaintiffs' attempt to cast it, the cornerstone of its conclusion that individual contempt sanctions against legislators are inappropriate. It was instead a passing reference offered *in support* of its finding that sanctions were appropriate against the City. *Spallone*, 493 U.S. at 276. Indeed, the Court was concerned about imposing individual contempt sanctions against councilmembers who were not a party to the case where there had been no finding of *individual* liability against the councilmembers for the underlying constitutional violations, not

7

the fact that the councilmembers had not been included in their *official* capacity. *Id.* The Court's understandable concern for imposing personal sanctions without a finding of individual liability cannot be read as support for including officials in their official capacity because naming a governmental officer in their official capacity does not subject the officer to individual liability. *Graham*, 473 U.S. at 166.

Ultimately, of course, the Court's holding in *Spallone* did not turn on whether the councilmembers were parties (in any capacity), but as the Court summarized its inquiry: "whether in the light of the reasonable probability that sanctions against the city would accomplish the desired result, it was within the court's discretion to impose sanctions on petitioners as well under the circumstances of this case." *Spallone*, 493 U.S. at 278. Thus, the holding of *Spallone* is not that the court cannot impose sanctions on individual councilmembers because they are not a party to the action (a conclusion that is found nowhere in the Court's opinion), but that such sanctions are generally inappropriate because they unduly pervert the legislative process by coercing legislators to vote in accordance with their own financial well-being rather than the needs of their constituents. *Id.* at 279-80. The Supreme Court admonished that courts must impose sanctions directly against the city alone and "[o]nly if that approach failed to produce compliance within a reasonable time should the question of imposing contempt sanctions against [individual legislators] even [be] considered." In *Spallone*, the Court expressly noted that the hardships imposed by the sanctions against the city did produce compliance with the underlying consent decree. *Id.* at 280.

*Spallone*, therefore, will not bear the weight that Plaintiffs place upon it. That opinion does not suggest that individual legislators should be named as official-capacity defendants in order to facilitate individual contempt sanctions against them. Instead, *Spallone* stands for the principle

that effective relief can and must be had from the municipality itself. As such, *Spallone* provides no legitimate support for Plaintiffs' bid to maintain the officials of Pasadena as parties to this suit.

C. **Plaintiffs' contention that the official-capacity defendants are necessary to the Court's ability to order a new redistricting plan is belied by the Court's power to impose its own redistricting plan if the council refused to comply with a court order.**

Finally, Plaintiffs assertion that the official-capacity defendants are necessary in this case in order to ensure the Court's ability to order a new redistricting plan ignores the Court's authority to order its own plan under the Voting Rights Act should a local authority fail to do so. *See, e.g., Vera v. Bush*, 980 F. Supp. 251, 253 (S.D. Tex. 1997) ("Because the legislature has failed to act, this Court is left with the 'unwelcome obligation' of providing a congressional redistricting plan for the 1998 and millennial election cycles pending later legislative action") citing *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978); *Connor v. Finch*, 431 U.S. 407, 415 (1977). Thus, not only would injunctive relief against the City be binding against its officials, but the Court could simply mandate its own redistricting plan if the City failed to adopt an acceptable plan. Given these powers, Plaintiffs can make no argument that the official-capacity defendants are necessary to obtain injunctive relief ordering a new redistricting plan. That simply is not the case. Plaintiffs are able to obtain complete relief through their claims against the City and the inclusion of the mayor and councilmembers are redundant and should be dismissed.

## III.
## CONCLUSION

FOR THE FOREGOING REASONS, the City of Pasadena respectfully requests that the Court grant its *Motion to Dismiss the Official-Capacity Defendants from the Plaintiffs' Original Complaint for Declaratory Relief and Injunctive Relief,* and dismiss the official-capacity defendants from this action, and for such other and further relief to which it is entitled.

OF COUNSEL:

GUNNAR P. SEAQUIST
Texas State Bar No: 24043358
Southern District No: 1140733
gseaquist@bickerstaff.com
BICKERSTAFF HEATH
DELGAGO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: (512) 472-8021
Facsimile: (512) 320-5638

GENE L. LOCKE
State Bar No. 12461900
Southern District No. 4969
glocke@andrewskurth.com
KATHRYN K. AHLRICH
State Bar No. 24063686
Southern District No. 1242003
katieahlrich@andrewskurth.com
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-3956
Facsimile:  (713) 238-7294

Respectfully submitted,

By:   /s/ C. Robert Heath
        C. ROBERT HEATH
        Texas State Bar No. 09347500
        Southern District No. 13381
        bheath@bickerstaff.com
        BICKERSTAFF HEATH
        DELGADO ACOSTA LLP
        3711 S. MoPac Expressway
        Building One, Suite 300
        Austin, Texas 78746
        Telephone: (512) 472-8021
        Facsimile: (512) 320-5638

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      This is to certify that on February 13, 2015, a true and correct copy of the foregoing document was served on all counsel of record via the electronic case filing system of the United States District Court for the Southern District of Texas.

                                  /s/ *C. Robert Heath*
                                  C. Robert Heath