IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, | § | |
| MARIA DEL ROSARIO MARTINEZ, | § | |
| MARIA MARI, | § | |
| RODOLFO R. TENREIRO, | § | |
| PATRICIA GONZALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:14-cv-03241 |
| | § | |
| CITY OF PASADENA, | § | |
| Mayor JOHNNY ISBELL, | § | |
| Council members ORNALDO YBARRA, | § | |
| BRUCE LEAMON, DON HARRISON, | § | |
| PAT VAN HOUTE, | § | |
| CODY RAY WHEELER, PHIL CAYTEN, | § | |
| STEVE COTE, and | § | |
| DARRELL MORRISON, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT TO ADD NEW PLAINTIFFS AND TO
REFLECT DISMSSAL BY CERTAIN PLAINTIFFS**

Plaintiffs Alberto Patiño, Maria Mari, Rodolfo Tenreiro, Maria Del Rosario Martinez and Patricia Gonzales ("Plaintiffs") file this motion for leave to amend their complaint to add new plaintiffs and reflect voluntary dismissal of claims by certain Plaintiffs against the City of Pasadena ("Defendant").[1]  The first amended complaint, showing changes, is attached as Exhibit A.

_____

[1] Plaintiffs also amend in order to list the City of Pasadena as the sole Defendant following dismissal by this Court of claims against City officials. In addition, Plaintiffs amend a portion of a sentence in ¶ 28 to reflect facts learned during further investigation of the case.

In support, Plaintiffs show the following:

## BACKGROUND

Pursuant to the Court's amended scheduling order,  [Dkt. 29] Plaintiffs seek to add five new individuals as Plaintiffs to this lawsuit against the City of Pasadena.   Additionally, two of the Plaintiffs who filed this lawsuit—Rodolfo Tenreiro and Maria Del Rosario Martinez—seek to voluntary dismiss their claims against the City of Pasadena and will file stipulations of dismissal concurrently with this motion.

Defendant City of Pasadena does not oppose this motion.

## LEGAL STANDARD

Following Defendant's Answer, a party seeking to amend its complaint may only do so with the Court's leave or the opposing party's written consent.   FED. R.CIV. P. 15(a)(2).   The Court can add a party on a motion by a party at any time.   FED. R.CIV. P. 21.

Rule 15(a) calls for courts to grant leave to amend "freely," and its language indicates "a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citing *Lyn–Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir.2002)). Denial of leave to amend requires a "substantial reason."   *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal citation omitted).

Leave to amend should be granted in the absence of the following factors: 1) undue delay, 2) the movant's bad faith or dilatory motive, 3) repeated failures to cure deficiencies by amendments previously allowed, 4) allowing the amendment would cause undue prejudice to the opposing party, and 5) futility of the amendment. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (internal quotations omitted); *see*

*also Qureshi v. Panjwani*, No. CIV.A. H-08-3154, 2009 WL 1631798, at *2 (S.D. Tex. June 9, 2009).

<u>**ARGUMENT**</u>

I.    **None of the *Foman* Conditions Applies to Plaintiffs' Proposed Amendment**

      **a.   Amending the complaint would not unduly delay proceedings or discovery.**

The addition of new parties aligned with Plaintiffs would not affect any proceedings or deadlines set by the Court, including the expert witness deadlines or the January 15, 2016 date by which discovery will be completed.  Because Plaintiffs will supplement their discovery immediately following addition of the new plaintiffs, Defendant will have ample time to review their answers to the first round of interrogatories propounded by the City.  Because parties have not yet scheduled depositions, the addition of Plaintiffs will not delay or interrupt the deposition schedule.  Plaintiffs do not move for leave to amend in bad faith or with a dilatory motive.

Plaintiffs do not seek leave to amend their complaint to add parties in bad faith or to delay the case.  Plaintiffs have given ample notice to Defendant that they might add parties to the case. Plaintiffs wrote in their "Unopposed Motion to Modify the Scheduling Order" that they would wait for the 2015 City of Pasadena municipal election results in order to determine if they would add parties.  *See* Motion at 2 [Dkt. 28].  *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981) (no bad faith where movant's inclusion in amended pleading of previously known but omitted facts was not for purposes of gaining tactical advantage but because movant only later became aware that facts were necessary to the claim).

      **c.   Plaintiffs have not previously failed to cure deficiencies**

The *Foman* factor that discusses "repeated failures to cure deficiencies by amendments previously allowed" does not apply to Plaintiffs' proposed amendments. Plaintiffs propose their first amended complaint to add Plaintiffs with this motion before the expiration of the Court's deadline of July 1, 2015, and well before the Court's amended pleadings deadline of September 1, 2015. Plaintiffs seek to change none of their legal claims and do not seek additional or different relief. *See Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 292 F.R.D. 369, 377 (W.D. Tex. 2013) (there were no repeated failures to cure deficiencies where Plaintiff had only amended pleadings once, movant sought leave on the Court's deadline for amendments, there had been no previous motions to dismiss based on deficiencies, and movant had not had to cure such deficiencies).

### d.  A grant of leave to amend would not prejudice Defendant

An amended complaint will not prejudice Defendant because the amended complaint will not alter substance of this lawsuit. Plaintiffs add five new Plaintiffs and remove two from their complaint. These new Plaintiffs make the same claims and do not offer any new allegations or causes of action. *See LaRocca v. LaRocca*, No. CIV.A. 13-4748, 2013 WL 6440334, at *4 (E.D. La. Dec. 9, 2013) (amended complaint adding co-defendant contained "virtually identical" claims and few new factual details would not prejudice opposing party). Because there will be no alteration of the lawsuit, much less a fundamental alteration of the lawsuit, there is no prejudice against Defendant in granting the motion for leave to amend.

### e.  The amendments proposed by Plaintiffs are not futile.

Plaintiffs have advanced viable claims in this case and seek only to add parties with the same claims. Under these circumstances, amendment would not cause their complaint to be futile. *See*

*LaRocca*, 2013 WL 6440334, at *4 (amendment was not futile where added a party, contained "virtually" the same claims, and sought to add new facts.).

## II.      Plaintiffs' Motion is Timely and Well Ahead of Trial

The Court's deadlines for concluding discovery and the docket call at which the date for trial will be set are January 15 and April 29 of 2016, respectively.  Plaintiffs' amendment is well within the discovery period.   *See Qureshi v. Panjwani*, No. CIV.A. H-08-3154, 2009 WL 1631798, at *1 (S.D. Tex. June 9, 2009) (court granted leave to amend to add plaintiffs at early stage of discovery and parties had only conducted one deposition).

Like the existing plaintiffs, the new plaintiffs are registered voters and residents of Pasadena, Texas.  *See Doe v. S. Iron R-1 Sch. Dist.*, No. 4:06CV392CDP, 2007 WL 655623, at *1 (E.D. Mo. Feb. 27, 2007) (addition of Plaintiffs was allowed even after close of discovery when new plaintiff was "similarly situated.").  Moreover, Plaintiffs file this complaint within the time allowed by this Court.  *See Lefevre v. Connexions, Inc.*, No. 3:13-CV-1780-D, 2014 WL 101998, at *1-2 (N.D. Tex. Jan. 8, 2014) (plaintiffs were free to add new plaintiffs where they filed before the Court's deadline and Court recognized presumption of timeliness in such circumstances).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend their complaint, as shown in Exhibit A, to add new plaintiffs and reflect voluntary dismissal of claims by certain Plaintiffs against Defendant.

Dated: July 1, 2015                                    Respectfully submitted,

*/s/ Nina Perales*
Nina Perales
Attorney-in-charge
Texas Bar No. 24005046
SDTX Bar No. 21127
Ernest Herrera
Texas Bar No. 24094718
(*pro hac vice*)
MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210)224-5476
Fax: (210)224-5382

CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for parties regarding this motion by electronic mail on July 1, 2015.  I further certify that counsel for the parties indicated on July 1, 2015, that Defendant does not oppose this motion.

*/s/ Nina Perales*
Nina Perales

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 1st day of July, 2015. I have served counsel of record listed below via electronic transmission through the Court's ECF system:

C. ROBERT HEATH
bheath@bickerstaff.com
GUNNAR P. SEAQUIST
gseaquist@bickerstaff.com

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: (512) 472-8021
Facsimile: (512) 320-5638

GENE LOCKE
genelocke@andrewskurth.com
KATHRYN K. ALRICH
katiealrich@andrewskurth.com
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-3956
Facsimile: (713) 238-7294

_/s/ Nina Perales_
Nina Perales