IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, | § | |
| MARIA DEL ROSARIO MARTINEZ, | § | |
| MARIA MARI, | § | |
| RODOLFO R. TENREIRO, | § | |
| PATRICIA GONZALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:14-cv-03241 |
| | § | |
| CITY OF PASADENA, | § | |
| Mayor JOHNNY ISBELL, | § | |
| Council members ORNALDO YBARRA, | § | |
| BRUCE LEAMON, DON HARRISON, | § | |
| PAT VAN HOUTE, | § | |
| CODY RAY WHEELER, PHIL CAYTEN, | § | |
| STEVE COTE, and | § | |
| DARRELL MORRISON, | § | |
| | § | |
| Defendants. | § | |

**RESPONSE BY PLAINTIFFS ALBERTO PATIÑO, ET AL. TO CITIZENS TO KEEP PASADENA STRONG PAC's MOTION TO QUASH SUBPOENA**

i

## TABLE OF CONTENTS

Table of Authorities .................................................................................................................... iii

Background ............................................................................................**Error! Bookmark not defined.**

Argument ................................................................................................................................... 2

    **I.**    **CKPS has failed to produce or move to protect certain requested documents. It must therefore produce these documents** ................................................................. 3

        a.  CKPS did not Properly Claim Privilege ............................................................. 3

        b.  CKPS Fails to Provide a Description of the "the Nature of the Withheld Documents" in a way that Enables Plaintiffs to Assess the Privilege Claim (Rule 45(e)(2)(A)(ii)) ................................................................................................ 5

    **II.**   **CKPS claims a first amendment "associational privilege" that neither the supreme court nor fifth circuit recognizes as shielding political committees from disclosure of all documents in their possession** ............................................................ 6

        a.  The Privilege Invoked by CKPS Does not Extend to the Documents for Which CKPS Seeks Protection ........................................................................................... 6

            1.  *NAACP/Patterson* does not protect CKPS from producing documents pursuant to the subpoena ............ 6

            2.  Freedom of association in the context of campaign finance does not provide the expansive "associational privilege" claimed by CKPS……………………………………………….…8

    **III.**  **Even if the Court Were to Extend First Amendment Protections to the Documents Sought by Plaintiffs, CPKS has not Shown that the Protections are Warranted Here** .................................................................................................................. 9

        a.  CKPS Does not Make *Prima Facie* Showing of Chilling of Speech ....................... 9

        b.  Plaintiffs' Need to Discover the Documents Outweighs the Risk of any Chilling Effect ....................................................................................................... 10

    **IV.**  **CKPS fails to prove how requests are overly broad** ............................................. 11

Conclusion ............................................................................................................................... 13

## TABLE OF AUTHORITIES

Cases

*Buckley v. Valeo*,
   424 U.S. 1 (1976) .......................................................................................................... 6, 8

*Catholic Leadership Coal. of Texas v. Reisman*,
   764 F.3d 409 (5th Cir. 2014) ............................................................................................. 9

*Cmedia, LLC v. Lifekey Healthcare LLC*,
   216 F.R.D. 387 (N.D. Tex. 2003) ................................................................................ 12, 13

*Dole v. Serv. Employees Union, AFL-CIO, Local 280*,
   950 F.2d 1456 (9th Cir. 1991) ...................................................................................... 9, 10

*Familias Unidas v. Briscoe*,
   619 F.2d 391 (5th Cir. 1980) ............................................................................................. 8

*Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*,
   219 F.R.D. 396 (E.D. Tex. 2003) ............................................................................... 3, 4, 5

*Hastings v. N. E. Indep. Sch. Dist.*,
   615 F.2d 628 (5th Cir. 1980) ............................................................................................. 8

*In re Santa Fe Int'l Corp.*,
   272 F.3d 705 (5th Cir. 2001) ............................................................................................. 3

*In re Tinsel Grp.*,
   2014 WL 243410 (S.D. Tex. Jan. 22, 2014) ..................................................................... 6

*Ishee v. Fed. Nat. Mortgage Ass'n*,
   No. 2:13-CV-234-KS-MTP, 2014 WL 2162753 (S.D. Miss. May 23, 2014) ................... 6

*Jones v. City of Lubbock*,
   727 F.2d 364 (5th. Cir. 1984) ......................................................................................... 11

*Justice v. Hosemann*,
   771 F.3d 285 (5th Cir. 2014) ............................................................................................. 9

*Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*,
   357 U.S. 449 (1958) ...................................................................................................... 6, 7

*Nat'l Org. for Marriage v. McKee*,
   723 F. Supp. 2d 236 (D. Me. 2010) ................................................................................ 10

*Peacock v. Merrill*,
   No. 08-01-B-M2, 2008 WL 687195 (M.D. La. Mar. 10, 2008) ................................... 3, 5

*Perry v Schwarzenegger*,
   591 F.3d 1147 (9th Cir. 2010) .................................................................................. 4, 9, 10

*PIC Grp., Inc. v. LandCoast Insulation, Inc.*,
   No. 1:09CV662-KS-MTP, 2010 WL 1529358 (S.D. Miss. Apr. 14, 2010) ..................... 5

*Roth v. United States*,
   354 U.S. 476 (1957) .......................................................................................................... 6

*S.E.C. v. Brady*,
   238 F.R.D. 429 (N.D. Tex. 2006) ............................................................................. 11, 13

*United States v. Davis*,
   636 F.2d 1028 (5th Cir. 1981) ........................................................................................... 3

*United States v. Irvin*,
   127 F.R.D. 169 (C.D. Cal. 1989) .................................................................................... 11

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*,
   429 U.S. 252 (1977) ........................................................................................................ 10

*Williams v. City of Dallas*,
   178 F.R.D. 103 (N.D. Tex. 1998) ....................................................................................... 12
*Wiwa v. Royal Dutch Petroleum Co.*,
   392 F.3d 812 (5th Cir. 2004) ....................................................................................... 11, 12

Statutes
*28 U.S.C. Sec. 1782* ............................................................................................................... 8
Tex. Elec. Code Ann. § 254 (West) ....................................................................................... 10
Tex. Elec. Code Ann. § 254.121 – 130 (West) ...................................................................... 11

Rules
Fed.R.Civ.P. 45 ............................................................................................................... passim
Fed.R.Civ.P. 45(b) ................................................................................................................... 5
Fed.R.Civ.P. 45(d)(3)(iv) ....................................................................................................... 14
Fed.R.Civ.P. 45(e) ............................................................................................................... 5, 6
Fed.R.Civ.P. 45(e)(2)(A)(i) ..................................................................................................... 6
Fed.R.Civ.P. 45(e)(2)(A)(ii) ................................................................................................. 6, 8

### RESPONSE BY PLAINTIFFS ALBERTO PATIÑO, ET AL. TO CITIZENS TO KEEP PASADENA STRONG PAC's MOTION TO QUASH SUBPOENA

Plaintiffs Alberto Patiño, et al. (hereinafter, "Plaintiffs), by and through their undersigned counsel, file this Response to Citizens to Keep Pasadena Strong PAC's Motion to Quash Plaintiffs' Rule 45 Subpoena [Dkt. 41]. Citizens to Keep Pasadena Strong PAC, a political committee formed under the Texas Election Code, filed its motion with regard to a subpoena for documents pursuant to Fed.R.Civ.P. 45 that Plaintiffs served on November 20, 2015. For the following reasons, Plaintiffs ask the Court to deny CKPS's Motion and order CKPS to produce all requested documents.

### BACKGROUND

Citizens to Keep Pasadena Strong PAC (hereinafter, "CKPS") was active in 2013 and 2015. *See* Exh. A at PASADENA010474 and PASADENA010525. According to its public filings, 100% of the donations to CKPS came from the campaign account of Pasadena Mayor Johnny Isbell in 2013. In the 2013 municipal election, CKPS urged voters not to re-elect an incumbent city council candidate who was aligned against Mayor Isbell. In 2015, 99.6% of the donations to CKPS came from Mayor Isbell's campaign account. *See* Exh. A at PASADENA010527-PASADENA010528. In the 2015 municipal election, CKPS opposed two more incumbents who were aligned against the Mayor; as members of the City Council, these two incumbents had voted against the Mayor's effort to convert the City election system from 8 single member districts to the mixed 6-2 system. In addition to promoting the opponents of the two incumbents who voted against the Mayor, CKPS also supported four more candidates

1

running for City Council. *See* Exh. A at PASADENA010475-PASADENA010476. Three of these four candidates supported by CKPS had either voted in support of the change to a 6-2 mixed system as members of the City Council or served as treasurer of a different PAC that supported the change to the mixed 6-2 system.

Plaintiffs served a subpoena for documents on CKPS pursuant to Fed.R.Civ.P. 45(b) in the course of ongoing discovery in the above-captioned litigation. Plaintiffs served this subpoena after propounding two rounds of written discovery upon Defendant City of Pasadena. On December 7, 2015, CKPS provided Plaintiffs with some of the requested materials that it claimed were in the public record. Plaintiffs informed CKPS in a letter that Plaintiffs expected full production in response to the subpoena, pursuant to Fed.R.Civ.P. 45(e). *See* letter, attached as Exh. B.

As of the filing of this response, CKPS has neither produced a description of the withheld documents nor produced a privilege log

**ARGUMENT**

CKPS must produce the documents requested by the subpoena. The PAC has waived its claim for protection by failing to make an express claim of privilege and failing to produce a privilege log or description of the documents to be protected. Moreover, CKPS claims a privilege that does not apply to the subpoena for documents. An associational privilege under the First Amendment does not exist broadly for all documents and information in possession of a PAC and the documents requested by Plaintiff are not protected by privilege. Even if the broad privilege existed as described by CKPS (and it does not), the privilege would not extend to the specific documents requested in this case. Finally, CKPS has not properly argued for protection based on the subpoena's supposed overbreadth.

2

I.  **CKPS HAS FAILED TO PRODUCE OR MOVE TO PROTECT CERTAIN REQUESTED DOCUMENTS.  IT MUST THEREFORE PRODUCE THESE DOCUMENTS.**

With respect to several categories of requested documents, CKPS did not produce the documents, did not expressly claim privilege, and did not provide the required description of the documents.  A person who is not a party to litigation and receives service of a subpoena under Fed.R.Civ.P. 45 must comply with duties under part (e) of the rule, which include producing documents as they are kept and producing electronically stored information in a reasonably usable form.  Fed.R.Civ.P. 45(e).  A responding person who refuses to produce documents based on privilege or who seeks protection of such documents must make an express claim of privilege or protection.  Fed.R.Civ.P. 45(e)(2)(A)(i).  Making a "blanket assertion" of privilege will not suffice to quash a subpoena.  *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 402 (E.D. Tex. 2003) (citing *United States v. Davis*, 636 F.2d 1028, 1044 n. 20 (5th Cir. 1981)).

a.  **CKPS did not Properly Claim Privilege.**

Under Rule 45, a person seeking protection from production required by a subpoena must "describe the nature" of the documents he or she seeks to protect.  Fed.R.Civ.P. 45(e)(2)(A)(ii).  These descriptions must be detailed enough for the serving party to be able to assess whether the claim has merit.  *Id.*  A commonly accepted method of describing documents in the civil discovery context is a privilege log.  *See In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (privilege log usually identifies supposedly privileged "documents or other communications by date and by the names of the author(s) and recipient(s), and describing their general subject matter"); *see also Peacock v. Merrill*, No. 08-01-B-M2, 2008 WL 687195, at *3

(M.D. La. Mar. 10, 2008) (Fed.R.Civ.P. 45 privilege log should also contain a "specific explanation of why the document is privileged or immune from discovery").

CKPS made an insufficient assertion of First Amendment associational privilege regarding the withheld documents and failed to describe adequately the documents that it seeks to protect. For these reasons, CKPS must produce the documents for which it did not properly claim privilege.

First, CKPS only articulates a claim of privilege specifically as to "drafts, internal communications and notes, internal campaign strategy, [and] financial records." CKPS did not make an express claim of privilege as to certain other types of documents requested in the subpoena. Motion to Quash at 3. For example, CKPS does not expressly request protection of: documents reflecting meetings; documents reflecting communications with Pasadena city officials; or documents relating to communications referencing ethnicity and other key terms specified in the subpoena. *See* Subpoena Requests 2, 3, 5, 9 and 11, attached as Exh. A to Motion to Quash. Second, if CKPS's motion is understood to request blanket protection of all documents requested in the subpoena, CKPS fails to establish a basis in law or fact to support the claimed protection. *See Ferko*, 219 F.R.D. at 402 (court found insufficient blanket assertion where movant failed to show specifically how documents would be protected by work-product). CKPS claims that "[a]ll nonpublic documents" are privileged. *See* Motion to Quash at 3. In support of its broad and inadequate assertion, CKPS claims no more than that "all drafts, financial statements, and other internal communications were presumed confidential, and that exposing this information would have a chilling effect." Id. at 5 (citing *Perry v Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010)).

4

As here, where the person or association subject to the subpoena fails to show specifically how the privilege applies, the privilege "claim fails." *See Ferko*, 219 F.R.D. at 402 (E.D. Tex. 2003) (privilege claim failed where movant provided no facts showing necessity of work product); *see also In re Tinsel Grp., S.A. for An Order Directing Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. Sec. 1782*, No. MISC. H-13-2836, 2014 WL 243410, at *3 (S.D. Tex. Jan. 22, 2014) (motion for protective order from subpoena denied where movant characterized "entirety" of requests as privileged under one of two privileges).

### b. CKPS Fails to Provide a Description of the "the Nature of the Withheld Documents" in a way that Enables Plaintiffs to Assess the Privilege Claim (Rule 45(e)(2)(A)(ii)).

CKPS fails to provide a description of the "the nature of the withheld documents" in a way that enables Plaintiffs to assess the privilege claim. *See* Rule 45(e)(2)(A)(ii). Production of a privilege log is common practice in Fifth Circuit district courts when claiming privilege in response to a subpoena. *See In re Tinsel Grp., S.A. for An Order Directing Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. Sec. 1782*, No. MISC. H-13-2836, 2014 WL 243410, at *4 (S.D. Tex. Jan. 22, 2014); *see also PIC Grp., Inc. v. LandCoast Insulation, Inc.*, No. 1:09CV662-KS-MTP, 2010 WL 1529358, at *1 (S.D. Miss. Apr. 14, 2010); *Peacock v. Merrill*, No. 08-01-B-M2, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008).

CKPS neither described the withheld documents in any detail nor provided a privilege log. CKPS did not identify the number of documents withheld, the dates or range of dates of the documents, or the authors of the documents. In addition to denying Plaintiffs the ability to assess the privilege claim, such a failure to describe the documents prevents the Court from being able to "rule intelligently" upon whether the claim of privilege should be sustained. *See Peacock*, 2008 WL 687195, at *3 (court did not rule on privilege claim because of lack of privilege log);

*see also In re Tinsel Grp.*, 2014 WL 243410, at *4 (court held that any further assertion of privilege would require production of a privilege log); *Ishee v. Fed. Nat. Mortgage Ass'n*, No. 2:13-CV-234-KS-MTP, 2014 WL 2162753, at *1 (S.D. Miss. May 23, 2014) (noting inability to make "meaningful determination" of merits of privilege claim without a proper privilege log). CKPS has had since December 7, 2015 to produce such a log. CKPS's failure to produce the requested documents or a privilege log continues to disrupt discovery and the appropriate course of action is to order production.

## II. CKPS CLAIMS A FIRST AMENDMENT "ASSOCIATIONAL PRIVILEGE" THAT NEITHER THE SUPREME COURT NOR FIFTH CIRCUIT RECOGNIZES AS SHIELDING POLITICAL COMMITTEES FROM DISCLOSURE OF ALL DOCUMENTS IN THEIR POSSESSION

The First Amendment associational privilege invoked by CKPS does not protect the documents that Plaintiffs request. Furthermore, even assuming this Court sought to broaden the privilege, the privilege still would not protect disclosure of CKPS's documents.

### a. The Privilege Invoked by CKPS Does not Extend to the Documents for Which CKPS Seeks Protection.

CKPS's reliance on *NAACP v. Alabama* and *Buckley v. Valeo,* as the bases for a broad associational privilege extended to political associations, is unavailing.[1] *See* Motion at 3-4 (citing *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958) (*NAACP/Patterson)* and *Buckley v. Valeo*, 424 U.S. 1, 68 (1976)).

#### 1. *NAACP/Patterson* does not protect CKPS from producing documents pursuant to the subpoena

---

[1] CKPS also cites *Roth v. United States*, 354 U.S. 476, 479 (1957), to discuss how the First Amendment protects political speech. *Roth*, however, dealt with an obscenity statute and is not applicable to the analysis here.

6

*NAACP/Patterson* does not remotely relate to this case. *NAACP/Patterson* protects members of an association from disclosure of their names on membership lists. The *NAACP/Patterson* Court held that compelled disclosure of membership lists would have deterred people from free enjoyment of the right to associate with the NAACP, a well-known civil rights organization advocating for the civil rights of African-Americans. *NAACP/Patterson*, 357 U.S. at 465. The Supreme Court referenced the "vital relationship" between the right of association and privacy in one's associations. *Id* at 462.

The subpoena at issue here has nothing to do with disclosing the names of an organization's members who fear retaliation. *See id*. at 464. Plaintiffs did not ask CKPS to disclose a membership list. As required by state law, CKPS has already made public the names of its donors, payees, and officers. *See generally* Tex. Elec. Code Ann. § 254 (West) (section governing political committee disclosures). In its motion, CKPS did not argue that production of the requested materials would identify additional individuals not already identified as donors, payees, and officers of the political committee.

Moreover, the Supreme Court's decision in *NAACP/Patterson* turned on threatened intimidation, harassment, and threats to organization's members. The plaintiffs in that case "made an uncontroverted showing" that past disclosure of members' identities had exposed those members to "economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility." *Id.* at 462. CKPS has produced no specific evidence of threats or harassment against individuals connected to the PAC -- evidence which provided the basis for the protection given in *NAACP/Patterson*. Rather, CKPS has only quoted from a declaration by Jeff Yates, an individual whose relationship to the PAC goes unexplained. *See* Motion at 5-6. Furthermore, CKPS has neither filed this declaration nor provided it to Plaintiffs.

Similarly, the Fifth Circuit cases cited by CKPS do not support CKPS's claim that associational privilege protects "non-public communications" or "sensitive information" from disclosure. *See* Motion at 3-4. For example, *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980) dealt only with the constitutionality of a statute compelling disclosure of membership lists. *Id*. at 398. *See also Hastings v. N. E. Indep. Sch. Dist.*, 615 F.2d 628, 631-632 (5th Cir. 1980) (protecting membership rolls where the union alleged actual harassment of members and had already disclosed other documents, including "tax returns, financial records and minutes of union meetings."). The cases upon which CKPS relies simply do not support its claim for protection of all documents other than those that the committee itself has already disclosed publicly.

> **2. Freedom of association in the context of campaign finance does not provide the expansive "associational privilege" claimed by CKPS**

The *Buckley* decision does not provide the privilege claimed by CKPS against disclosure of information requested in Plaintiffs' subpoena. In fact, *Buckley* upheld statutory provisions that *required* reporting and disclosure of political campaign financial information. *See id*. at 71-72. Furthermore, contrary to CKPS's suggestion that *Buckley* announced protections for "sensitive information" generally, *Buckley* addressed claims for protection against disclosure of contributions. *Compare Buckley*, 424 U.S. at 68 *with* Motion at 2. Of note, disclosure of CKPS's contributions and expenditures is already required by Texas law. *See generally* Tex. Elec. Code Ann. § 254.121 – 130 (West) (reporting requirements for specific-purpose political committees). Finally, *Buckley* did not quash a subpoena requesting documents from a PAC. Rather, it struck down a statute's limitations on campaign expenditures, independent expenditures, and candidate expenditures because those restrictions infringed upon the First Amendment right to engage in political speech. *Buckley*, 424 U.S. at 143.

8

CKPS similarly can find no basis in Fifth Circuit precedent for its claim of protection. Although in the Fifth Circuit disclosure requirements for political campaigns are subject to scrutiny under the First Amendment, there is no associational discovery privilege for all non-public documents in a PAC's possession. *See generally Justice v. Hosemann*, 771 F.3d 285 (5th Cir. 2014) (upholding statutory Mississippi campaign finance disclosure provisions); *see also Catholic Leadership Coal. of Texas v. Reisman*, 764 F.3d 409, 424 (5th Cir. 2014) (upholding disclosure requirement).

The one case cited by CKPS that could possibly apply here completely undermines CKPS's argument for protection. In *Beane v. Utility Trailer Manufacturing Co.* the district court declined to apply the First Amendment privilege asserted by the movant and instead granted the motion to compel discovery. *See Beane v. Utility Trailer Manufacturing Co.*, 2011 WL 2462895 at *2 (W.D. LA 2011).

### III. EVEN IF THE COURT WERE TO EXTEND FIRST AMENDMENT PROTECTIONS TO THE DOCUMENTS SOUGHT BY PLAINTIFFS, CPKS HAS NOT SHOWN THAT THE PROTECTIONS ARE WARRANTED HERE.

#### a. CKPS Does not Make *Prima Facie* Showing of Chilling of Speech

CKPS's motion entirely fails to demonstrate that disclosing the documents requested by Plaintiffs will result in harassment or discourage involvement by new or current PAC donors, or will result in other chilling consequences. *See Perry*, 591 F.3d at 1160. Such a showing requires objective and articulable facts and must "go beyond broad allegations or subjective fears." *Dole v. Serv. Employees Union, AFL-CIO, Local 280*, 950 F.2d 1456, 1460 (9th Cir. 1991).

CKPS offers no proof that compliance with the subpoena will result in a chilling effect on its donors and payees or harassment or deterrence from association with the political committee.

The quotes from a person named Jeff Yates, whose relationship with CKPS is unexplained, are too conclusory, speculative, and broad to provide a basis for concluding that disclosure here would have a chilling effect. *See e.g., Dole*, 950 F.2d at 1459 (requiring movant to provide court with more than a single declaration to support claim of chilling effect); *see also Nat'l Org. for Marriage v. McKee*, 723 F. Supp. 2d 236, 240 (D. Me. 2010) (failure to make prima facie showing of infringement of First Amendment associational privilege where corporation only offered declarations speculating that donors would hesitate to donate if their identities were disclosed).

### b. Plaintiffs' Need to Discover the Documents Outweighs the Risk of any Chilling Effect

The documents requested by Plaintiffs are relevant because they relate to Plaintiffs' Voting Rights Act Section 2 claims and intentional discrimination claims. Plaintiffs claim intentional vote dilution under the Voting Rights Act and U.S. Constitution and Plaintiffs' interest in the documents is more than sufficient to overcome the privilege claimed by CKPS. *See Perry*, 591 F.3d at 1161 (factors); *see also* Motion at 6 n.4.

In cases alleging intentional racial discrimination by a government body, a plaintiff may offer as evidence the specific sequence of events leading to a decision, the historical background of the decision, and contemporary statements by members of the decision-making body. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-267 (1977). Documents reflecting communications between Mayor Johnny Isbell and CKPS, which served as his personal political action committee, will shed light on the Mayor's efforts to eliminate two single member districts from the City's election system. Documents reflecting the plans of the Mayor to elect council members who would support his effort to eliminate single member districts are central to the issue of intentional discrimination.

Plaintiffs seek to vindicate voting rights guaranteed by federal law and the U.S. Constitution. *See Jones v. City of Lubbock*, 727 F.2d 364, 373-74 (5th. Cir. 1984) (Voting Rights Act "seeks to protect the core values of [the Fourteenth and Fifteenth] amendments"); *United States v. Irvin*, 127 F.R.D. 169, 174 (C.D. Cal. 1989) ("The Voting Rights Act forbids local practices that abridge the fundamental right to vote [and] requires vigorous and searching federal enforcement"). Thus this case is important to all voters in Pasadena.

There are no less intrusive means of obtaining the requested documents because the information sought by Plaintiffs only exists in the papers and correspondence, electronic and otherwise, of CKPS. In addition, financial statements are presumably only in possession of the CKPS treasurer.

Finally, as discussed above, CKPS's claim of privilege is tenuous, and therefore there are no substantial First Amendment interests at stake.

## IV.  CKPS FAILS TO PROVE HOW REQUESTS ARE OVERLY BROAD

CKPS fails to show that the subpoena is overbroad and therefore unduly burdensome under Fed.R.Civ.P. 45(d)(3)(iv). The burden of proving that a subpoena is unduly burdensome under Rule 45 belongs to the moving party and involves a number of factors. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).[2] The objecting party's showing of overbreadth must be specific and detailed and involve more than a "mere statement" that a request is overly broad. *See S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). Such a showing must include documentation of the time or expense involved. *Id*.

---

[2] The factors for considering whether a subpoena is unduly burdensome are the "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *See Wiwa*, 392 F.3d at 818.

Plaintiffs' requests are sufficiently limited, relevant, and they are directed at necessary evidence. Plaintiffs' requests are all limited by time frames of campaign activity by CKPS and are limited to documents reflecting or relating to communications or financial records for specific elections. *See* Subpoena p. 6-8, attached as Exh. A to Motion to Quash. Unlike cases where subpoenas were modified or quashed because they lacked timeframes or requested all documents without a category description, all of Plaintiffs' requests for documents reflecting communications are limited by a topic of communication, except for Request No. 3. *See* <u>Wiwa</u>, 392 F.3d at 820 (modifying request that sought documents relating to all of a person's dealings with a national government spanning a period of twenty years); *see also Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (modifying requests that could be construed to seek any type of information related to certain persons). Request No. 3 is limited by time and to communications between CKPS and City of Pasadena officials. Plaintiffs have explained why documents in CKPS's possession would be relevant and necessary to their claims. Because CKPS fails to demonstrate how Plaintiffs' requests are facially overbroad or specifically how they are overly broad, CKPS's objection to the subpoena as unduly burdensome fails. CKPS's reliance on *Cmedia, LLC v. Lifekey Healthcare LLC*, 216 F.R.D. 387 (N.D. Tex. 2003) is inapposite because that case involved an examination of the requests' scope in the context of the issues and parties at hand. Plaintiffs in this case request documents from an organization, the purpose of which was to advocate for and against the election of city council candidates who ran for office close in time to and were involved in the City's change in election system. This combination of circumstances, which includes limits on the time frames, topics of communication, the persons involved, and the persons' relation to the issues in this case, is unlike *Cmedia* in which requests were directed in part at companies that were not parties to the

12

claims in question and concerning topics outside of the issues before the court. *See Cmedia, LLC*, 216 F.R.D. at 390 (discovery requests facially invalid for overbreadth where party sought documents concerning all business dealings of two non-party corporations and where documents included information not relevant to issue at hand). Finally, CKPS has failed to produce any sort of evidence, documentary or by affidavit, of how complying with Plaintiffs' subpoena would cause undue burden. *See S.E.C.*, 238 F.R.D. at 437 (served party produced estimates of volume and work that would be involved in responding to subpoenas). CKPS's claim for protection based on overbreadth thus fails.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny CKPS's motion to quash Plaintiffs' Rule 45 Subpoena and order CKPS to fully comply with the subpoena.

Dated: January 4, 2016　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Nina Perales*
　　　　　　　　　　　　　　　　　　　　　　Nina Perales
　　　　　　　　　　　　　　　　　　　　　　Attorney-in-charge
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24005046
　　　　　　　　　　　　　　　　　　　　　　SDTX Bar No. 21127
　　　　　　　　　　　　　　　　　　　　　　Ernest Herrera
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24094718
　　　　　　　　　　　　　　　　　　　　　　SDTX Bar No. 2462211
　　　　　　　　　　　　　　　　　　　　　　MEXICAN AMERICAN LEGAL DEFENSE AND
　　　　　　　　　　　　　　　　　　　　　　EDUCATIONAL FUND
　　　　　　　　　　　　　　　　　　　　　　110 Broadway, Suite 300
　　　　　　　　　　　　　　　　　　　　　　San Antonio, TX 78205
　　　　　　　　　　　　　　　　　　　　　　Tel: (210)224-5476
　　　　　　　　　　　　　　　　　　　　　　Fax: (210)224-5382

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 4th day of January, 2016. I have served counsel of record listed below via electronic transmission through the Court's ECF system:

C. ROBERT HEATH
bheath@bickerstaff.com
GUNNAR P. SEAQUIST
gseaquist@bickerstaff.com
BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746

GENE LOCKE
genelocke@andrewskurth.com
KATHRYN K. ALRICH
katiealrich@andrewskurth.com
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002

*/s/ Nina Perales*
Nina Perales