# MALDEF

**Mexican American Legal Defense and Educational Fund**

*Via E-Mail*

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
Tel: 210.224.5476
Fax: 210.224.5382

**National Headquarters**
**Los Angeles**
**Regional Office**
634 S. Spring Street
Los Angeles, CA 90014
Tel: 213.629.2512
Fax: 213.629.0266

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
Tel: 312.427.0701
Fax: 312.427.0691

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
Tel: 202.293.2828
Fax: 202.293.2849

**Sacramento**
**Policy Office**
1512 14th Street
Sacramento, CA 95814
Tel: 916.444.3031
Fax: 916.444.7207

December 11, 2015

Jerad Najvar
Najvar Law Firm
4151 Southwest Freeway
Suite 625
Houston, TX 77027

RE:     *Patiño, et al. v. City of Pasadena, et al.*
        Subpoena to Produce Documents, dated November 19, 2015

Dear Mr. Najvar,

Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), Plaintiffs write regarding their subpoena served November 20, 2015 on the political committee known as Citizens to Keep Pasadena Strong (hereinafter, "CKPS"). This subpoena commanded the production of various materials described in Exhibit A to the subpoena.

Plaintiffs initially sent you this subpoena on September 25, 2015. You requested that we revise the subpoena to limit the request to documents created during the time the CKPS was active. Plaintiffs revised the subpoena and served it on you on November 20, 2015 with a deadline of December 7, 2015. You then informed Plaintiffs that you intended to move to quash portions of the subpoena and asked us to agree to an extension of time. Plaintiffs agreed to an extension of time from December 7, 2015 to December 14, 2015.

Today you wrote asking if Plaintiffs still request information under the subpoena. Below is a description of what Plaintiffs consider requested and not produced under the subpoena:

1. Produce all draft and final versions of documents: that relate to all communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena; that reference any candidate being voted on in the May 2013 Pasadena City Council and Mayoral elections; and that were sent or received between January 1, 2013, and May 1, 2014.

2. Produce all draft and final versions of documents: that relate to all communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena; that referenced ethnicity, political

*Advancing Latino Civil Rights for over 40 Years*
www.maldef.org

December 11, 2015
Page 2

affiliation, population change, demographic growth, or that included the terms "Hispanic," "Mexican," "immigrant," "alien" or "Latino;" and that were sent or received between January 1, 2013, and May 1, 2014.

3.  Produce any documents reflecting all communication between Johnny Isbell, Mayor of Pasadena, or any other employees of the City of Pasadena, and any member or staff of the Citizens PAC, sent or received between January 1, 2013, and May 30, 2015.

4.  Produce any documents reflecting all communication about the November 2013 special election among the Citizens PAC, its members, treasurer or staff.

5.  Please produce all documents that relate to all meetings held between January 1, 2013, and May 1, 2014, by any members of the Citizens PAC in order to discuss communication sent to persons who resided or were registered to vote in Pasadena.

6.  Please produce all documents, not limited to receipts and or bank statements, detailing how communication sent by the Citizens PAC to Pasadena residents or voters between January 1, 2013, and May 1, 2014 were funded.

7.  Please produce all documents, not limited to receipts and or bank statements, detailing all funds received by Citizens PAC, between January 1, 2013, and May 1, 2014.

8.  Produce all draft and final versions of documents relating to all communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena that referenced any candidate running for office in the City of Pasadena municipal election held on May 9, 2015.

9.  Produce all draft and final versions of documents: that relate to all communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena; that referenced ethnicity, political affiliation, population change, demographic growth, or that included the terms "Hispanic," "Mexican," "immigrant," "alien" or "Latino;" and that referred to the City of Pasadena municipal election held on May 9, 2015.

10. Produce any documents reflecting all communication between or among the members or staff of the Citizens PAC's staff regarding the May 9, 2015 City of Pasadena municipal election.

11. Please produce all documents relating to all meetings held between November 1, 2014, and May 30, 2015, by any member of the Citizens

December 11, 2015
Page 3

PAC in order to discuss communications with persons who resided or were registered to vote in Pasadena.

12. Please produce all documents, not limited to receipts and or bank statements, detailing the funding of communications sent by Citizens PAC to persons who resided or were registered to vote in Pasadena, between November 1, 2014, and May 30, 2015.

13. Please produce all documents, not limited to receipts and or bank statements, detailing any funds received by Citizens PAC, between November 1, 2015, and May 30, 2015.

Additionally, if you intend to claim that any of the requested documents are privileged or protected, you must provide a description of the nature of the withheld documents beyond calling those materials "internal communications." Finally, Plaintiffs consider your production of finance reports filed with the City of Pasadena to be partially, not wholly, responsive to requests 6, 7, 12 and 13.

Plaintiffs request that CKPS or its agents produce the subpoenaed materials immediately and no later than December 14, 2015 in order to avoid Plaintiffs' filing a motion to enforce the subpoena and compelling production. Please let us know what course of action CKPS chooses as soon as possible.

Sincerely,

Ernest I. Herrera
Staff Attorney