UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| ALBERTO PATINO ET AL | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 4:14-cv-03241 |
| | ) | |
| CITY OF PASADENA, TEXAS ET AL | ) | |
| Defendant. | ) | |
| | ) | |
| _____) | | |

**Factual Appendix to CKPS' Motion to Quash Plaintiffs' Rule 45 Subpoena**

CKPS files this brief summary of background facts relevant to CKPS' motion to quash.

**CKPS activity.**  CKPS is registered as a political committee with the City of Pasadena ("City") pursuant to the relevant provisions of the Texas Election Code.  CKPS is an unincorporated association.  While no formal organizational structure is required by law aside from designating a treasurer, CKPS has informed the Plaintiffs of the identities of the individuals making decisions for the PAC.  Jeff Yates has served as the general political consultant at all relevant times, and Johnny Isbell (and to a lesser extent his son, J.J. Isbell) make decisions for the PAC with the advice and counsel of Yates.  Yates then operationalizes the plans, including by sub-contracting vendors for specific tasks.  A basic timeline of events will be helpful in evaluating this motion.

CKPS was first registered on March 25, 2013 with the City and was active regarding the May 11, 2013 City elections.  Specifically, CKPS distributed five direct-mail advertisements

opposing Pasadena City Council candidate Don Harrison (Dist. C). *See* CKPS 4-7[1] (8-Day pre-election campaign finance report showing financial activity); CKPS 67 (PDF copies of anti-Harrison mail that was actually distributed).

The City's electoral changes challenged by Plaintiffs occurred in the latter part of 2013. On August 22, 2013, Council approved Ordinance 2013-126 on final reading, placing the 6-2 issue on the November ballot. Proposition 1 passed at the November 5, 2013 election. In March and April 2014, the Council debated and ultimately adopted redistricting "plan 2" on final reading on April 15, 2014.

During this period, CKPS had no activity. The publicly-filed reports reveal no activity other than occasional bank fees between the anti-Harrison expenditures from the May 2013 elections through July 29, 2014, when CKPS actually dissolved itself. CKPS 15-19.

CKPS was re-constituted February 25, 2015 by filing a new campaign treasurer appointment with the City. CKPS 23-24. The appointment form reveals CKPS' declared purposes as supporting three council candidates for the May 2015 elections: Emilio Carmona (Dist. A); J.E. "Bear" Hebert (Dist. D); and Cary Bass (Dist. E). CKPS' pre-election report filed 30 days before the election reveal expenditures in support of these candidates, for direct mail and personal distribution of doorhangers (the latter is described in the campaign reports as "in-kind grassroots development and [get-out-the-vote]"). CKPS 25-32. The report filed 8 days before the election (covering 3/31/15 – 4/29/15) reports direct mail and phone calls supporting the candidates. CKPS 33-41. On May 7, 2015, CKPS amended its treasurer appointment form to reflect the decision to support three additional candidates: Steve Cote and Darrell Morrison (at

---

[1] This appendix cites certain bates-labeled documents even though they are not on file before the Court. The citations are included for ease of reference by the parties and for the Court should the documents be filed or reviewed.

MOT. TO QUASH - EX. D

large seats) and Bruce Leamon (Dist. B).  CKPS 218-220.  CKPS supported these candidates with direct mail and phone calls.  CKPS 42-51.

**Documents produced to Plaintiffs.**  CKPS was originally subpoenaed in late September 2015.  Counsel emailed Plaintiffs' counsel to clarify that CKPS was not actually active during much of the period covered by the subpoena (late 2013).  CKPS also offered to produce all publicly-disseminated advertisements and campaign finance reports, but stated its relevance and First Amendment objections to much of the subpoena.  Email Najvar to Herrera (Oct. 12, 2015).  Plaintiffs agreed to re-issue the subpoena, which was served November 20, 2015.  The date ranges were modified, but not the requests for information subject to CKPS' objections.  On December 7, CKPS provided Plaintiffs with: all publicly filed campaign finance reports (CKPS 1-51); email correspondence between Najvar as treasurer of CKPS and the Pasadena City Secretary (CKPS 52-66); and PDF copies of every mailpiece that CKPS actually disseminated (CKPS 67).

Plaintiffs notified CKPS on January 6, 2015 that it appeared that the production had been incomplete.  CKPS reviewed the production and determined there were in fact additional public communications made by the PAC that had not been included.  CKPS provided these documents on January 7.  *See* CKPS 68-81 (call scripts described as "phone calls" and "GOTV phone calls on CKPS 38 and 48); CKPS 82 (electronic folder containing copies of doorhangers and mailpieces).  On the same date, CKPS wrote to Plaintiffs to reiterate that, now that Plaintiffs had seen all public communications by CKPS, revealing that the PAC had no activity regarding the November 2013 measure election and no advertisements reflecting anything remotely touching on race, "the very broad requests seeking items that are clearly confidential and privileged internal political communications seems quite unnecessary."

MOT. TO QUASH - EX. D

Plaintiffs replied on January 14, noting that they had revised the subpoena.  This second revised subpoena was served on or about January 20, 2016.  While some of the revisions were helpful at the margins (e.g., moderately adjusting the date range regarding 2015 activity), it still demands voluminous irrelevant, internal and privileged communications.  No changes were made in an attempt to address CKPS' constitutional objections.  The subpoena also purported to respond to CKPS' notice as to the inapplicability of the terms "staff" and "members" but substituted it with a definition that was overbroad.

<u>Verification of Jerad Najvar</u>

1.  Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing facts regarding communications between the parties is true and correct.

2.  If called upon to testify I would testify competently as to matters stated herein.  Executed on February 4, 2016 in Harris County, Texas.

_____
Jerad Najvar

MOT. TO QUASH - EX. D