AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| Alberto Patino, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4-14-cv-03241 |
| City of Pasadena, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Citizens to Keep Pasadena Strong, c/o Jerad Najvar
Najvar Law Firm, 4151 Southwest Freeway, Suite 625, Houston, TX 77027, (281) 404-4696
*(Name of person to whom this subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Molina Law Firm, 11550 Fuqua Street, Suite 580 Houston, TX 77034, eherrera@maldef.org | Date and Time: 01/22/2016 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBIT A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/14/2016

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Patino Plaintiffs
_____, who issues or requests this subpoena, are:
Ernest I. Herrera, MALDEF, 110 Broadway, Suite 300, San Antonio, TX 78205, (210) 224-5476, eherrera@maldef.org

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

MOT. TO QUASH - EX. E

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

MOT. TO QUASH - EX. E

## EXHIBIT A:
## MODIFIED SUBPOENA TO THIRD-PARTY TO PRODUCE DOCUMENTS TO THE CITIZENS TO KEEP PASADENA STRONG POLITICAL COMMITTEE

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, Plaintiffs Alberto Patino, et al., request that the political action committee or political committee known as Citizens to Keep Pasadena Strong (herein, "Citizens PAC"), produce at the time, date, and place set forth in the Subpoena the following documents, electronically stored information, or objects in Section IV below, and permit their inspection, copying, testing, or sampling of the material in accordance with the Federal Rules and the Definitions and Instructions set forth below. Further, the Citizens PAC is directed to supplement this production as provided by the same Rules. Unless counsel for the parties make another agreement, documents are to be addressed to Ernest Herrera and produced at the offices of Molina Law Firm, 11550 Fuqua St., Suite 580, Houston, TX 77034, or at the email address, eherrera@maldef.org.

Your responses, any objections, and all responsive documents within your custody, possession, or control must be served on the undersigned attorneys by the date listed on the subpoena. You must either produce documents and tangible things as they are kept in the ordinary course of business or organize and label them to correspond with the categories in this request.

### I. DEFINITIONS

For purposes of this Subpoena, the terms used herein shall have the following meanings:

A. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context of each request to bring within the scope of the request any documents or information that might be deemed outside its scope by another construction.

B.  The term "relate/relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

C.  "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a)(1)(A), in its broadest sense, and shall mean and include all computerized memoranda, databases, spreadsheets, e-mail, any documents of identification and other information as well as written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody or control of the Citizens PAC or Jerad Najvar, or in the possession, custody or control of the attorney for the Citizens PAC or Jerad Najvar. A draft of a non-identical copy is a separate document within the meaning of this term.

D.  Without limiting the term "control," a document is deemed to be within the Citizens PAC's control if any of the Citizens PAC's former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys or other representatives have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

E.  "Person" shall mean any individual, association, agency, firm, committee, commission, or other legal or governmental entity or association.

F.  "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it; any stenographic, mechanical, electrical or other recording; a written transcription which is a substantially verbatim recital; or an oral statement that is made by a person and contemporaneously recorded.

G.  "Citizens PAC" shall mean the political action committee or political committee known as Citizens to Keep Pasadena Strong that has filed as a specific-purpose committee with the City of Pasadena, as well as all persons acting or purporting to act on behalf of the political committee, including any former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives.

H.  The plural of any word used herein includes the singular, and the singular includes the plural.

I.  The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

J.  A "communication" shall mean anything ordinarily interpreted as a communication, including but not limited to any correspondence, any electronic mail message, any text message, any telephonic communication or any palm card, post card, letter, flyer, leaflet, sign, mailer or poster.

K.  Any mention of "Pasadena" in this document is meant to refer to the City of Pasadena in Texas.

## II. INSTRUCTIONS

A.  Regarding documents called for by these requests as to which the Citizens PAC claims a privilege or for which the Citizens PAC seeks protection, please provide at the time for claiming privilege or protection a listing that describes each document and states with respect to each such document:

1.  the type of document (e.g., letter, memorandum, report, etc.);
2.  the date;
3.  the title;

3

4. the number of pages;

5. the author or addressor;

6. the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7. the subject matter of the document;

8. the factual and legal basis of the claim or privilege or protection asserted with respect to the document; and

9. any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted.

B. If the Citizens PAC contends that it is unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge the Citizens PAC may have related to the location of such documents.

C. Unless the context clearly requires otherwise, this Subpoena to Produce Documents includes all documents within the Citizens PAC's custody or control; those within the custody or control of each of the former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives of the Citizens PAC; and those to which any of these persons has access.

D. For all documents in electronic, magnetic, or format other than paper, please produce in the following formats: printed hardcopy or electronic (700 MB DVD, PDF, Microsoft Excel, or Microsoft Word 2003 or later).

E. If the documents are provided on an FTP or file share site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

### III. WARNING

A failure to produce the documents requested on time without adequate excuse may result in the Court holding the Citizens PAC or its representative in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

### IV. DOCUMENTS TO BE PRODUCED

1. Produce all draft and final versions of documents: that relate to communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena; that reference any candidate being voted on in the May 11, 2013 Pasadena City Council and Mayoral elections; and that were sent or received between January 1, 2013, and September 30, 2013. For the purpose of this request, "documents" includes but is not limited to the communication itself, documents showing the dates on which the communication was made to the recipients, documents identifying the recipients of the communication, and documents showing the location where the communication was received.

2. Produce all draft and final versions of documents: that relate to communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena; that

5

referenced ethnicity, political affiliation, population change, demographic growth, or that included the terms "Hispanic," "Mexican," "immigrant," "alien" or "Latino;" and that were sent or received between January 1, 2013, and September 30, 2013. For the purpose of this request, "documents" includes but is not limited to the communication itself, documents showing the dates on which the communication was made to the recipients, documents identifying the recipients of the communication, and documents showing the location where the communication was received.

3. Produce all documents reflecting communication between Johnny Isbell, Mayor of Pasadena, or any other employees or agents of the City of Pasadena in their official or personal capacities, and the Citizens PAC, including but not limited to its former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives, sent or received between January 1, 2013, and September 30, 2015 and relating to the City of Pasadena municipal elections held on May 11, 2013, and on May 9, 2015.

4. Please produce all documents that relate to all meetings held, between January 1, 2013, and September 30, 2013, by the Citizens PAC, including but not limited to its former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives, in order to discuss communication sent to persons who resided or were registered to vote in Pasadena.

5. Please produce all documents, including but not limited to receipts and invoices, detailing the work performed by each vendor on all communication sent by the Citizens PAC to Pasadena residents or voters between January 1, 2013, and September 30, 2013.

MOT. TO QUASH - EX. E

6. Produce all draft and final versions of documents relating to communications between the Citizens PAC and persons who resided or were registered to vote in Pasadena that referenced any candidate running for office in the City of Pasadena municipal election held on May 9, 2015. For the purpose of this request, "documents" includes but is not limited to the communication itself, documents showing the dates on which the communication was made to the recipients, documents identifying the recipients of the communication, and documents showing the location where the communication was received.

7. Produce all draft and final versions of documents: that relate to communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena; that referenced ethnicity, political affiliation, population change, demographic growth, or that included the terms "Hispanic," "Mexican," "immigrant," "alien" or "Latino;" and that referred to the City of Pasadena municipal election held on May 9, 2015. For the purpose of this request, "documents" includes but is not limited to the communication itself, documents showing the dates on which the communication was made to the recipients, documents identifying the recipients of the communication, and documents showing the location where the communication was received.

8. Produce any documents reflecting communication between or among the former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives of the Citizens PAC and relating to the City of Pasadena municipal elections held on May 11, 2013, and on May 9, 2015.

9. Please produce all documents relating to meetings held, between January 1, 2015, and September 30, 2015, by any former or current principals, treasurers, consultants, agents,

7

MOT. TO QUASH - EX. E

volunteers, employees, officers, attorneys, vendors or other representatives of the Citizens PAC in order to discuss communications with persons who resided or were registered to vote in Pasadena.

10. Please produce all documents, including but not limited to receipts and invoices, detailing the work performed by each vendor on all communication sent by Citizens PAC to persons who resided or were registered to vote in Pasadena between January 1, 2015, and September 30, 2015.

```
                                                                    9158
GARY F. HODGES                         32-61  1914
P.O. BOX 580067                        1110
HOUSTON, TX 77258                             DATE  12/08/16

PAY TO THE
ORDER OF  Najvar Law Firm               $ 63.76

          Sixty Three and 76/100                   DOLLARS

CHASE
JPMorgan Chase Bank, N.A.   $ 63.70
www.Chase.com
MEMO  Witness Fee                      [signature]
```