UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| _____ ) | |
| ) | |
| ALBERTO PATINO ET AL ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 4:14-cv-03241 |
| ) | |
| CITY OF PASADENA, TEXAS ET AL ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**Third-Party CKPS' Second Revised Responses and Objections to Plaintiffs'**
**Requests for Production in Revised Subpoena Served January 19/20, 2016**

Non-party CKPS previously received a revised subpoena on November 20, 2015, and filed a

motion to quash on December 14, 2015 (Doc. 41).  Subsequently and pursuant to communications

between counsel, CKPS was served with a second revised subpoena on or about January 19/20,

2016.  The objections stated in CKPS' motion to quash continue to apply to the second revised

subpoena, as the requests for production still suffer from the same defects.  The January 19/20

subpoena also incorporates certain revised definitions which affect its scope, and entirely new

requests.  CKPS therefore serves the following specific responses and objections.

1

## Specific objections and responses

*1. Produce all draft and final versions of documents: that relate to communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena; that reference any candidate being voted on in the May 11, 2013 Pasadena City Council and Mayoral elections; and that were sent or received between January 1, 2013, and September 30, 2013. For the purpose of this request, "documents" includes but is not limited to the communication itself, documents showing the dates on which the communication was made to the recipients, documents identifying the recipients of the communication, and documents showing the location where the communication was received.*

**Response:** Citizens to Keep Pasadena Strong ("CKPS") objects to this entire request because the documents it seeks are irrelevant and thus not within the scope of discovery under the Federal Rules of Civil Procedure (hereinafter "Rules"). The documents are irrelevant because during the period in question, CKPS's only activity was to produce mail opposing City Council candidate Don Harrison; CKPS did not engage in any activity related to the city action challenged in Plaintiffs' lawsuit.

To the extent this request seeks draft versions of communications with Pasadena residents or registered voters but such documents were not publicly disseminated, such documents are doubly irrelevant because even if communications *disseminated* to voters regarding Don Harrison's candidacy are relevant to Plaintiffs' claims, CKPS' *internal* draft communications never made public cannot be relevant to the intent of the City Council or the city voters in approving the law challenged in Plaintiffs' lawsuit.

CKPS further objects that, even if determined to be relevant, any documents not publicly disseminated by CKPS are privileged from disclosure under the First Amendment right of association.

Regarding the dates the communications were made to recipients, these are already a matter of public record as reflected in CKPS' campaign finance reports, which have already been provided. *See* CKPS 1-51. Plaintiffs can ascertain the relevant rough dates just as readily as can CKPS.

Regarding the recipients of the communications, in addition to the objections stated above, CKPS objects to the request for a list of recipients, because this would reveal CKPS' internal campaign strategy by revealing how large a universe was mailed and potentially reveal how CKPS determined the parameters for its universe of recipients. Further, to the extent there are responsive documents, they are not within the possession, custody or control of CKPS.

Regarding the location where the communications were received, CKPS has publicly reported that these pieces were distributed by direct mail. CKPS objects to a request for a specific list of addresses as this would reveal the same information as in a list of recipients. Further, to the extent there are responsive documents, they are not within the possession, custody or control of CKPS.

Subject to and without waiver of any objection(s), CKPS voluntarily produced copies of all communications responsive to this request that were actually disseminated. *See* mail pieces against Don Harrison within CKPS 67.[1]

---

[1] CKPS 67 is an electronic file containing PDF copies of the final versions of multiple advertisements against Harrison and Cody Ray Wheeler. Those regarding Wheeler are from 2015.

MOT TO QUASH - EX. F

<u>Privilege log</u>: draft versions of the direct mail pieces, as referenced within Yates 324-374 (communications b/w Yates and Isbell).  Note that documents responsive to additional requests also contain draft versions of CKPS' advertisements regarding the May 2013 election, including CKPS 92-162 (communications b/w Najvar and Neumann/Yates regarding CKPS); CKPS 163-217 (communications b/w Yates and Neumann regarding CKPS).

2. *Produce all draft and final versions of documents: that relate to communication between the Citizens PAC and persons who resided or were registered to vote in Pasadena; that referenced ethnicity, political affiliation, population change, demographic growth, or that included the terms "Hispanic," "Mexican," "immigrant," "alien" or "Latino;" and that were sent or received between January 1, 2013, and September 30, 2013.  For the purpose of this request, "documents" includes but is not limited to the communication itself, documents showing the dates on which the communication was made to the recipients, documents identifying the recipients of the communication, and documents showing the location where the communication was received.*

**Response:**  CKPS asserts the same responses and objections here as stated in CKPS' response to Request No. 1, with the following additional response:

In response to Request No. 1, CKPS produced copies of all publicly disseminated communications during the relevant time period.  The only communications responsive to Request No. 2 are communications referring to political affiliation.

<u>Privilege log</u>:  CKPS 142-143 (draft anti-Cody Ray Wheeler mail piece referring to Wheeler as a Democrat).

3. *Produce all documents reflecting communication between Johnny Isbell, Mayor of Pasadena, or any other employees of the City of Pasadena in their official or personal capacities, and the Citizens PAC, including but not limited to its former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives, sent or received between January 1, 2013, and September 30, 2015.*

**Response:**  CKPS objects to this entire request because the documents it seeks are irrelevant and thus not within the scope of discovery under the Rules.  The documents are irrelevant because during the period in question, CKPS's only activity was to produce mail supporting or opposing City Council candidates; CKPS did not engage in any activity related to the city action challenged in Plaintiffs' lawsuit. CKPS further objects because this request seeks communications regardless of subject matter and is therefore not calculated to lead to relevant evidence for Plaintiffs' claims.

CKPS further objects to the extent this request seeks documents that are not within CKPS' "possession, custody, or control."  FRCP 45(a)(1)(A)(iii); *cf.* FRCP 34(a)(1) (same limitation regarding requests for production propounded to a party).  As explained in his affidavit provided to you on January 7, 2016, Jeff Yates served at all relevant times as the general consultant for CKPS.  Yates would discuss plans with CKPS principal Johnny Isbell and, to a lesser extent, J.J. Isbell, and then would hire vendors to carry out specific tasks that had been agreed to by the principals with Yates' professional advice and direction.  As such, the core nucleus of CKPS (aside from other financial contributors as reflected on CKPS reports) consists of Johnny Isbell and Yates, and to a lesser extent J.J. Isbell.  Yates is not aware of communications between Johnny Isbell (or

MOT TO QUASH - EX. F

other employees of the City of Pasadena) and any of CKPS' vendors or consultants, as Yates dealt with the vendors/consultants himself.

Subject to and without waiver of any objection(s), CKPS voluntarily produced documents reflecting communications between CKPS treasurer Jerad Najvar (even though he does not qualify as a "member") and the City of Pasadena City Secretary's office.  *See* CKPS 52-66.

Privilege log:

- Yates 324-374 (communications b/w Yates and Johnny Isbell from 1/1/13 – 5/31/13)
- Yates 50-166 (communications b/w Yates and Johnny Isbell from 6/1/13 - Present)
- Yates 234-255 (communications b/w Yates and Richard Scott)


4. *Please provide all documents that relate to all meetings held, between January 1, 2013, and September 30, 2013, by the Citizens PAC, including but not limited to its former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives, in order to discuss communication sent to persons who resided or were registered to vote in Pasadena.*

**Response:**  CKPS objects based on relevancy as stated in response to RFP No. 3, above.

CKPS further objects to the extent this request seeks documents that are not within CKPS' "possession, custody, or control," FRCP 45(a)(1)(A)(iii), as stated in response to RFP No. 3, above.

Subject to and without waiver of any objection(s), CKPS responds as follows:

No responsive documents.

5. *Please produce all documents, including but not limited to receipts and invoices, detailing the work performed by each vendor on all communication sent by the Citizens PAC to Pasadena residents or voters between January 1, 2013, and September 30, 2013.*

**Response:** CKPS objects based on relevancy as stated in response to RFP No. 1, above, and to the extent this request seeks documents (nonpublic internal communications revealing campaign strategy) privileged under the First Amendment and by the attorney-client privilege (Najvar Law Firm services to CKPS).

Subject to and without waiver of objection(s), CKPS responds as follows:  The work performed by each vendor is already reported on CKPS' publicly available campaign finance reports, *see* CKPS 7 (Najvar Law Firm and Neumann & Co.).  There are no other responsive documents.


6. *Produce all draft and final versions of documents relating to all communication between the Citizens PAC and persons who ·resided or were registered to vote in Pasadena that referenced any candidate running for office in the City of Pasadena municipal election held on May 9, 2015. For the purpose of this request, "documents" includes but is not limited to the communication itself, documents showing the dates on which the communication was made to the recipients, documents identifying the recipients of the communication, and documents showing the location where the communication was received.*

MOT TO QUASH - EX. F

**Response:**  CKPS objects to this entire request because the documents it seeks are irrelevant and thus not within the scope of discovery under the Rules.  The documents are irrelevant because the period in question falls after the change in city procedures challenged by Plaintiffs; additionally, because CKPS's only activity was to produce mail supporting or opposing City Council candidates as reflected in CKPS' campaign finance reports and produced documents; CKPS did not engage in any activity related to the city action challenged in Plaintiffs' lawsuit.

To the extent this request seeks draft versions of communications with Pasadena residents or registered voters but such documents were not publicly disseminated, such documents are doubly irrelevant because even if communications *disseminated* to voters regarding City candidates are relevant to Plaintiffs' claims, CKPS' internal draft communications never made public cannot be relevant to the intent of the City Council or the city voters in approving the law challenged in Plaintiffs' lawsuit.

CKPS further objects that, even if determined to be relevant, any documents not publicly disseminated by CKPS are privileged from disclosure under the First Amendment right of association.

Regarding the dates the communications were made to recipients, documents identifying the recipients, and locations where they were received, see the objections and responses stated under RFP No. 1, above.

Notwithstanding any objection(s), CKPS voluntarily produced copies of all communications responsive to this request that were actually disseminated.  *See* CKPS 67 (mail pieces), 68-81 (phone scripts), 82 (mail pieces and door hangers).

Privilege log:

- draft versions of advertisements (direct mail, automated phone calls, and doorhangers/push cards) contained within Yates 50-163; Yates 168-204; Yates 234-255.
- Yates probably has possession of and could locate within his files lists of recipients of automated phone calls made in support of candidates Emilio Carmona, Bear Hebert and Cary Bass (as reported at CKPS 38) and walk lists.


7. *Produce all draft and final versions of documents: that relate to communication between the Citizens PAC and person who resided or were registered to vote in Pasadena; that referenced ethnicity, political affiliation, population change, demographic growth, or that included the terms "Hispanic," "Mexican," "immigrant," "alien" or "Latino;" and that referred to the City of Pasadena municipal election held on May 9, 2015.  For the purpose of this request, "documents" includes but is not limited to the communication itself, documents showing the dates on which the communication was made to the recipients, documents identifying the recipients of the communication, and documents showing the location where the communication was received.*

**Response:**  CKPS asserts the same responses and objections here as stated in CKPS' response to Request No. 6, with the following additional response:

In response to Request No. 6, CKPS produced copies of all publicly disseminated communications during the relevant time period.  The only communications responsive to Request No. 7 are communications referring to political affiliation.

5

8. *Produce any documents reflecting communication between or among the former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives of the Citizens PAC and relating to the City of Pasadena municipal elections held on May 11, 2013 and on May 9, 2015.*

CKPS objects to this entire request because the documents it seeks are irrelevant and thus not within the scope of discovery under the Rules. The documents are irrelevant because during the period in question, CKPS's only activity was to produce mail supporting or opposing City Council candidates as reflected in CKPS' campaign finance reports and produced documents; CKPS did not engage in any activity related to the city action challenged in Plaintiffs' lawsuit.

CKPS further objects to the extent this request seeks documents that are not within CKPS' "possession, custody, or control," FRCP 45(a)(1)(A)(iii), as stated in response to RFP No. 3, above.

CKPS further objects because this request seeks documents (nonpublic internal communications revealing campaign strategy, etc.) privileged under the First Amendment and by the attorney-client privilege (Najvar Law Firm services to CKPS).

Privilege log:

Regarding the 2013 election:

- Yates 324-374 (communications b/w Yates and Isbell);
- CKPS 92-162 (communications b/w Najvar and Neumann, Yates);
- CKPS 163-217 (communications b/w Yates and Neumann, Najvar)
- CKPS also prepared a privilege log for documents reflecting communication by Yates undertaken *other* than in his capacity for CKPS. In Yates 375-544, Yates is acting as consultant to Isbell's campaign and communicating with Isbell regarding Isbell's campaign. In Yates 545-560, Yates is acting as consultant to Isbell's campaign and communicating with Richard Scott regarding Isbell's campaign. CKPS believes these documents are not responsive to this question. However, in the interest of being thorough and prepared in the event that the Court believes such documents are responsive, CKPS included these documents in the Bates-labeling and prepared a log for them.

Regarding the 2015 election:

- Yates 50-163 (Communications b/w Yates and Isbell);
- Yates 234-255 (communications b/w Yates and Richard Scott)
- There are many additional communications between Yates, Neumann and First Tradition regarding CKPS' 2015 activity. In terms of a privilege log, CKPS states that these documents are substantially the same in form as the communications between Yates and Neumann regarding the 2013 elections. While CKPS has assembled some documents regarding 2015 activity in response to other requests, this request no. 8 first appeared on the second revised subpoena, it calls for far more documents and is unduly burdensome. Documents regarding the 2015 elections, which occurred after the electoral changes that the Plaintiffs challenge were enacted (in November 2013 or, at most, Council action culminating in the adoption of the redistricting plan in 2014), clearly have no relevance to

the Plaintiffs' claims.  Plaintiffs' request here is particularly unreasonable and should be withdrawn.

9.  *Please produce all documents relating to meetings held, between January 1, 2015, and September 30, 2015, by any former or current principals, treasurers, consultants, agents, volunteers, employees, officers, attorneys, vendors or other representatives of the Citizens PAC in order to discuss communications with persons who resided or were registered to vote in Pasadena.*

**Response:**  CKPS objects to this entire request because the documents it seeks are irrelevant and thus not within the scope of discovery under the Rules.  The documents are irrelevant because during the period in question, CKPS's only activity was to produce mail supporting or opposing City Council candidates as reflected in CKPS' campaign finance reports and produced documents; CKPS did not engage in any activity related to the city action challenged in Plaintiffs' lawsuit.

CKPS further objects to the extent this request seeks documents that are not within CKPS' "possession, custody, or control," FRCP 45(a)(1)(A)(iii), as stated in response to RFP No. 3, above.

CKPS further objects because this request seeks documents (nonpublic internal communications revealing campaign strategy, etc.) privileged under the First Amendment and by the attorney-client privilege (Najvar Law Firm services to CKPS).

Subject to and without waiver of any objection(s), CKPS responds as follows:

No responsive documents.

10.  *Please produce all documents, including but not limited to receipts and invoices, detailing the work performed by each vendor on all communication sent by Citizens PAC to persons who resided or were registered to vote in Pasadena between January 1, 2015, and September 30, 2015.*

**Response:**  CKPS objects based on relevancy as stated in response to RFP No. 8, above.

CKPS further objects because this request seeks documents (nonpublic internal communications revealing campaign strategy, etc.) privileged under the First Amendment and by the attorney-client privilege (Najvar Law Firm services to CKPS).

Subject to and without waiver of objection(s), CKPS responds as follows: The work performed by each vendor is already reported on CKPS' publicly available campaign finance reports, *see* CKPS 25-51 (First Tradition, Najvar Law Firm and Neumann & Co.), and any internal documents are unnecessary, irrelevant and privileged.

<u>Privilege log</u>:  CKPS 83-91 (invoices from First Tradition and Neumann & Co.).

7

Respectfully submitted,

Jerad Wayne Najvar
Texas Bar No. 24068079
NAJVAR LAW FIRM
4151 Southwest Fwy., Suite 625
Houston, TX 77027
281.404.4696 phone
281.582.4138 fax
jerad@najvarlaw.com
*Lead Counsel for CKPS*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon counsel for Plaintiffs by facsimile and email on February 4, 2016.

Ernest Herrera
210.224.5382 (facsimile)
eherrera@maldef.org

Jerad Najvar

MOT TO QUASH - EX. F