IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, | § | |
| MARIA DEL ROSARIO MARTINEZ, | § | |
| MARIA MARI, | § | |
| RODOLFO R. TENREIRO, | § | |
| PATRICIA GONZALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:14-cv-03241 |
| | § | |
| CITY OF PASADENA, | § | |
| Mayor JOHNNY ISBELL, | § | |
| Council members ORNALDO YBARRA, | § | |
| BRUCE LEAMON, DON HARRISON, | § | |
| PAT VAN HOUTE, | § | |
| CODY RAY WHEELER, PHIL CAYTEN, | § | |
| STEVE COTE, and | § | |
| DARRELL MORRISON, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' SUPPLEMENTAL RESPONSE TO CITIZENS TO KEEP PASADENA STRONG PAC's MOTION TO QUASH SUBPOENA

Plaintiffs Alberto Patiño, et al. (hereinafter, "Plaintiffs), file this Supplemental Response to Citizens to Keep Pasadena Strong PAC's Motion to Quash Plaintiffs' Rule 45 Subpoena [Dkt. 41]. The PAC has failed to show why the subpoena should be quashed, and Plaintiffs respectfully request that the Court deny the motion.

### BACKGROUND

Plaintiffs filed their response to the Motion to Quash on January 4, 2016. *See* Dkt. 43.

On January 7, 2016, the Citizens to Keep Pasadena Strong PAC (hereinafter, "the PAC") served Plaintiffs with its Objections and Responses to Plaintiffs' subpoena.[1]  Also on January 7,

---
[1] Objections to the subpoena were due on December 4, 2015.

the PAC produced additional documents responsive to Plaintiffs' requests and an unsigned declaration by Jeff Yates that differs in content from the one recently filed with the Court. On January 19, 2016, in response to the PAC's concerns with certain terms used in the subpoena, including the PAC's claim that it has no members, Plaintiffs served the PAC with a revised subpoena. On January 31, 2016, the PAC served Plaintiffs with its Objections and Responses to Plaintiffs' revised subpoena. That same day, in response to a separate subpoena served on Jeff Yates, Mr. Yates produced a privilege log. On February 2, 2016, less than two hours before the hearing on the motion to quash, the PAC served its privilege log and revised responses and objections to the revised subpoena on Plaintiffs. On February 4, 2016, the PAC filed with the Court and served on Plaintiffs a signed declaration by Jeff Yates to support the PAC's motion to quash. On February 5, 2016, the PAC filed its privilege log and a privilege log listing documents with the bates label "Yates" with the Court.

Charts summarizing the documents produced and withheld by the PAC and Mr. Yates are attached as exhibits A and B.

### ARGUMENT

The PAC must produce the documents requested by the subpoena. First, the PAC claims a privilege that does not apply to the subpoena for documents. Second, even if the broad privilege existed as described by the PAC (and it does not), the privilege would not extend to the specific documents requested in this case.

**I.     The First Amendment Associational Privilege Claimed by the PAC Does not Apply to the Information Sought by Plaintiffs**

In addition to the arguments presented in their original response to the motion to quash (Response at 6 – 9), Plaintiffs note that the PAC's claim of protection for internal communications cannot extend to communications with third parties. At least one person listed

as a sender and recipient of emails described in the privilege log is neither a principal nor a donor of the PAC; Richard Scott is an employee of the City of Pasadena and serves as the City's Community Relations Director. *See* Responses, Dkt. 48-4 at 6 and 8; *see also* Privilege Log, Dkt. 50-2 at 6. Similarly, the privilege log labeled "Yates" lists Cary Bass as sending e-mail messages and approving a campaign sign. *See* Privilege Log, Dkt. 50-2 at 4 and 5. However, the PAC does not identify Mr. Bass as a principal or donor.

Furthermore, the PAC has neither disclosed nor listed in its privilege log certain documents responsive to Plaintiffs' subpoena. As to those documents, the PAC has waived any claim of privilege. For example, the PAC has neither disclosed nor listed in its privilege log the lists of names and addresses of recipients of the PAC's campaign mailers and robocalls. Also, the PAC's privilege log makes repeated mention of walk lists and a letter to residents from "Johnny" but the PAC neither produces nor lists in its privilege log the walk lists or the letter to residents.

## II. *Perry* Does not Control Here, but Even if the Court Determined That *Perry* Applied, the PAC Would not Meet the *Perry* Factors Test

The PAC continues to fail to demonstrate any chilling effect that would result from production from the requested documents. The PAC has provided no evidence other than Mr. Yates's vague declaration that his business dealings might be negatively affected by disclosure of his communications.[2] Mr. Yates provides no specific reason why disclosure of the PAC's internal communications would discourage other clients from hiring him as a consultant.

---

[2] Plaintiffs incorporate by reference their argument that the PAC does not make a *prima facie* showing of chilling of association and that Plaintiffs' need to discover the documents outweighs the risk of any chilling effect. *See* Response at 9 - 11.

3

Additionally, the PAC fails to demonstrate how disclosure under a confidentiality order, which the Court can order in its discretion, would adversely affect the business interests of Mr. Yates.

Finally, the PAC's production, responses and privilege logs tilt the balance more heavily towards disclosure when considering the PAC's previous arguments regarding the *Perry* factors. The new assertion by the PAC that the core nucleus of the PAC is comprised of Mayor Isbell, J.J. Isbell and Mr. Yates contradicts the earlier assertions that PAC communications are irrelevant because the PAC is independent of Mayor Isbell. *Compare* Motion to Quash at 7 *with* PAC Responses, Dkt. 48-4 *and* Privilege Logs, Dkt. 50-1 and 50-2. All of the factors weigh in Plaintiffs' favor because the PAC argued lack of relevance as to each factor. *See, e.g.* Motion to Quash at 9 ("The lack of relevance buoys CKPS's arguments as to the other factors considered by Perry.").

### III. The Subpoenas are not Invalid Because of Overbreadth

Plaintiffs incorporate by reference their arguments that their subpoena requests are not overly broad. *See* Response at 11 – 12.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the PAC's motion to quash Plaintiffs' Rule 45 Subpoena and order the PAC to comply fully with the subpoena.

Dated: February 7, 2016                                  Respectfully submitted,

*/s/ Nina Perales*
Nina Perales
Attorney-in-charge
Texas Bar No. 24005046
SDTX Bar No. 21127

4

        Ernest Herrera
Texas Bar No. 24094718
SDTX Bar No. 2462211
MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210)224-5476
Fax: (210)224-5382

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing to all counsel of record via the Court's electronic filing system on the 7th day of February, 2016.

*/s/ Nina Perales*
Nina Perales