UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____
                                      )
                                      )
ALBERTO PATINO ET AL                  )
            Plaintiff,                )
                                      )
     v.                               )    Civil Case No. 4:14-cv-03241
                                      )
CITY OF PASADENA, TEXAS ET AL         )
            Defendant.                )
                                      )
_____)

**Citizens to Keep Pasadena Strong PAC's**
**Reply in Support of Motion to Quash Rule 45 Subpoena**

Third-party Citizens To Keep Pasadena Strong PAC ("CKPS"), files this brief reply in support of its motion, addressing only the "prima facie" burden.[1]

Movant CKPS has easily met its initial burden of making a prima facie showing of "arguable First Amendment infringement." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2009). As the Ninth Circuit applies this burden, the prima facie showing requires a showing that "enforcement of the [discovery requests] will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) *other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights*." *Id.* (emphasis added).

*Perry* had "little difficulty concluding that disclosure of internal campaign communications," *i.e.*, not just membership lists, "can have such an effect on the exercise of

---

[1] CKPS's original motion to quash filed December 14, 2015 was timely, as it was filed pursuant to an agreement between the parties for an extension in order to allow time to try and resolve their differences. Mr. Herrera signed a letter agreeing that CKPS' motion for protection shall be filed by December 14.

protected activities," because it "can have a deterrent effect on participation in campaigns," *id.* at 1162, and "on the free flow of information within campaigns." *Id.* "Implicit in the right to associate…is the right to exchange ideas and formulate strategy and messages, and to do so in private." *Id.*; *see also id.* at 1162 n.9 (citing various cases vindicating rights to associate effectively for political goals). *See also AFL-CIO v. FEC*, 333 F.3d 168, 176-77 (D.C. Cir. 2003) (noting movants' claim that disclosure of things including "member mobilization campaigns, polling data, and state by state strategies will directly frustrate the…ability to pursue their political goals effectively by revealing to their opponents' activities, strategies and tactics").

*Perry* held that the proponents had met their burden in that case citing only a single affidavit that in material part averred that the proponent will alter how he communicates in the future if disclosure is ordered, that he would "be less willing to engage in such communications" in the future, and "have to seriously consider whether to even become an official proponent again." 591 F.3d at 1163. *Perry* wrote that even though the "evidence…is lacking in particularity, it is consistent with the self-evident conclusion that important First Amendment interest are implicated."

If anything, CKPS' evidence, in the form of the affidavit and testimony from Jeff Yates, is stronger than the single affidavit quoted in *Perry*'s opinion. Yates' uncontested affidavit attests that disclosure of internal communications will have a "severe chilling effect no only on myself but on CKPS" because "the ability to communicate and strategize privately is paramount," that it will "drastically alter how I communicate in the future," and "threaten the continued existence of this organization." Exhibit B ¶ 8-10. These statements are materially indistinguishable from those forming the entire basis of the prima facie showing in *Perry*.

But Yates' affidavit goes further. He additionally avers that disclosure would compromise internal political strategies and knowledge going to the chances of political success. *See id.* at ¶ 11 (disclosure of drafts and work product documents would "severely curtail our ability to communicate effectively with the public" and "serve as a boon to CKPS' political opponents" given access to "confidential political strategy"). *See AFL-CIO*, 333 F.3d at 178 (finding organizations had asserted "substantial First Amendment interests in the disclosure of their own internal materials" concerning strategy and methods).

The prima facie-burden standard applied in *In re Motor Fuel Temperature Sales Practices Litigation*, 641 F.3d 470, 489-90 (10th Cir. 2011), seems to give too short shrift to this second consideration going to political advantage to one's opponents and instead require evidence going more to threats of harassment and intimidation. *See id.* at 491. In this sense it was much more restrictive and in fact distinguished itself from *Perry*.

The Tenth Circuit also expressly recognized that "the dispute before us does not involve campaign communications regarding a public referendum." *Id.* at 490, n.14. By contrast, all of CKPS' communications at issue revolve around campaigns. Whereas *In re Motor Fuel* concerned lobbying activity, the Supreme Court has repeatedly emphasized that "the First Amendment 'has its fullest and most urgent application precisely to the conduct of campaigns for political office.'" *McCutcheon v. FEC*, 134 S. Ct. 1434, 1441 (2014) (plurality op.) (quoting *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 272 (1971)).

Therefore, CKPS has met its light burden of showing that First Amendment associational rights are implicated and chilled by disclosure of the requested documents.

**Conclusion**

CKPS respectfully requests this court GRANT the motion to quash this Rule 45 subpoena.

Respectfully submitted,

_____
Jerad Wayne Najvar
Texas Bar No. 24068079
NAJVAR LAW FIRM
4151 Southwest Fwy., Suite 625
Houston, TX 77027
281.404.4696 phone
281.582.4138 fax
jerad@najvarlaw.com
*Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served upon all counsel of record by means of the court's CM/ECF system on February 10, 2016 as shown.

_____
Jerad Najvar