IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, | § | |
| MARIA DEL ROSARIO MARTINEZ, | § | |
| MARIA MARI, | § | |
| RODOLFO R. TENREIRO, | § | |
| PATRICIA GONZALES, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:14-cv-03241 |
| | § | |
| CITY OF PASADENA, | § | |
| Mayor JOHNNY ISBELL, | § | |
| Council members ORNALDO YBARRA, | § | |
| BRUCE LEAMON, DON HARRISON, | § | |
| PAT VAN HOUTE, | § | |
| CODY RAY WHEELER, PHIL CAYTEN, | § | |
| STEVE COTE, and | § | |
| DARRELL MORRISON, | § | |
| | § | |
| Defendants. | § | |

## PROTECTIVE ORDER

THIS MATTER comes before the Court on the motion of the Plaintiffs, which is opposed by non-parties Citizens to Keep Pasadena Strong ("CKPS"), Jeff Yates and The Yates Company, and Citizens for Positive Change ("CPC"), for the entry of a Protective Order. Plaintiffs request this Protective Order in light of this Court's oral announcement on February 10, 2015 that it would deny non-party CKPS' motion to quash (Doc. 41) but would enter an appropriate protective order limiting distribution of the documents at issue. The Court, being advised in the premises, HEREBY ORDERS AS FOLLOWS:

### Definitions

1. The following definitions shall apply to this Protective Order:

    a. "<u>Person</u>" shall include individuals and entities;

    b. "<u>Litigants</u>" shall mean any party, including those hereafter joined;

    c. "<u>Confidential Material</u>" shall mean the documents that the Court found to be confidential and ordered disclosed at the hearing on February 10, 2016.

## Restrictions on Use of Confidential Material

2. The following restrictions and procedures shall apply to the Confidential Material:

    a. Confidential Material produced in this litigation and all information contained in or derived from such Confidential Material shall not be used by any person for business or competitive purposes, including competitive political purposes, or for any purpose other than solely for the preparation and trial of this action and appeals therefrom.

    b. Access to Confidential Material produced in this litigation shall be limited to the Qualified Persons listed below, who require access to such Confidential Material to perform their duties in this action.

        1. The judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal thereof, and any authorized personnel of such appellate court;

        2. The litigants and attorneys for litigants, including in-house counsel, and their paralegals and support staff;

        3. Employees of Litigants that are corporations, partners, or other entities, or employees of other entities retained by Litigants, or the parent or legal

guardian of Litigants, who are responsible for assisting counsel in the conduct of this litigation;

4. Employees of any firm retained by counsel to produce or duplicate any discovery material for use in accordance with this Protective Order;

5. Employees of other entities retained by the Litigants, who are responsible for assisting counsel in the conduct of this action;

6. Experts or consultants and their staff who are employed or retained to assist counsel in this action or designated as trial witnesses;

7. Deponents and their counsel during the course of depositions taken in this action;

8. Trial witnesses;

9. Potential witnesses who are the author(s) or recipient(s) of the document, the original source(s) of the information, or employees or agents of the entity producing or receiving the information;

10. Third-party mediators selected by the parties, and if necessary, approved by the Court in this case; and

11. Such other persons hereafter designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

c. Qualified Persons shall not disclose any Confidential Information to any other persons or entities, except as provided by paragraphs 4, 7, and 8    .

3. Any Qualified Person described in subparagraph 2(b) provided copies of or access to Confidential Material, or any information contained therein or derived therefrom, shall, as a precondition to such disclosure:

    a. Be advised of the provisions of this Protective Order, and of the limited purpose for which the information contained in or derived therefrom may be used; and

    b. Execute the attached Acknowledgment of Protective Order which recites that he or she has received and read a copy of this Protective Order, and agrees to be bound by its provisions.

    These procedures need not be followed if the Qualified Person to whom the Confidential Material or information is provided is the individual or entity, or an employee or agent of the individual or entity, that produced or received the Confidential Material.

4. Confidential Material produced in this litigation, or any information contained therein or derived there from, may be disclosed to a witness during deposition or trial in this case, subject to the condition that the witness is not provided with any such materials to take from the place of deposition or trial.

5. Within sixty (60) days of the final termination of this action, whether by settlement or judgment, including any appeals therefrom, each Litigant or other Qualified Person shall notify the other party in writing whether it wants the return of Confidential Material produced in this litigation to the Litigant or other person from which it was received, including any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding nay materials that, in the judgment of the Litigant's counsel, constitute work product materials.  Any Confidential Material not requested to

be returned within sixty days of the final termination of this action shall be destroyed by the Litigant or other Qualified Person.

6. The restrictions governing Confidential Material do not apply to material or information obtained or acquired by a party prior to this litigation or to material or information from a source other than discovery in this litigation, and do not preclude a party from using its own Confidential Material as it deems appropriate or necessary.

7. Confidential Material may be offered in evidence at trial or any court proceeding in the pending litigation, provided that the party who produced the documents may move the Court for an order that the materials be received under conditions to prevent unnecessary disclosure or filed under seal pursuant to the Clerk's procedures.

8. When Confidential Material is presented, offered, quoted or referenced in any hearing, counsel presenting, offering, quoting, or referencing such material shall alert the Court so that the Court may take such steps as it believes are reasonably necessary to protect the Confidential Material at issue.

9. If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

10. Any of the parties to this lawsuit may, by written agreement or a motion to the Court, seek a modification of this Protective Order.

SO ORDERED this _____ day of _____ 2016

_____
HON. LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE

6