IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERTO PATINO, et al., § | |
| *Plaintiffs*, § | |
| § | |
| vs. § | Civil Action No. 4:14-CV-03241-LHR |
| § | |
| CITY OF PASADENA, § | |
| *Defendant*. § | |

**<u>DEFENDANT CITY OF PASADENA'S MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, City of Pasadena, moves for entry of summary judgment against the claims of the plaintiffs, Alberto Patino, Maria Mari, Patricia Gonzales, Maria Carmen Mendoza, Frank Borrego, Gabriel Rocha Barreto, Richard Serna, and Joseph John Marquez, and would show the Court the following:

1. The plaintiffs' claims arise under section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and the Fourteenth and Fifteenth Amendments to the United States Constitution. A violation of the constitutional provisions requires a showing of both discriminatory purpose and effect while a violation of section 2 requires only a showing of discriminatory effect. Thus, if the plaintiffs fail to establish a discriminatory effect under section 2, their constitutional claims will fail as well since discriminatory effect is a necessary element of those claims.

2. The ultimate issue in a section 2 claim is whether the plaintiffs "have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." 52 U.S.C. § 10301(b).

3. The plaintiffs' complaint of unequal opportunity is set out in paragraph 42 of the First Amended Complaint where they allege that "The change from eight single member

districts to a hybrid system of six single member districts and two at-large seats will reduce Hispanic voting strength and will impede Hispanic voters' ability to elect candidates of choice in subsequent Pasadena City Council elections." Plaintiffs' First Amended Complaint [Doc. 34] at ¶ 42.

4. In fact, rather than reducing Hispanic voting strength and impeding Hispanic voters' ability to elect candidates of Hispanic choice, the first election under the challenged hybrid plan produced a 50 percent increase in Hispanic representation on the city council, going from two to three elected councilmembers.

5. Additionally, the hybrid 6-2-1 plan provides Hispanics with an opportunity to elect the candidates of their choice in four council districts—a number of districts that is in proportion to Hispanics' percentage of the city's citizen-voting-age population.

6. Hispanics make up roughly half of Pasadena's citizen-voting-age population, and four council seats constitute half the city council.

7. Where a districting plan contains districts where the protected minority group—in this case, Hispanics—have effective voting majorities in a number of districts proportionate to the group's percentage of the jurisdiction's citizen-voting-age population, the plan does not deny equal political opportunity and, thus, there is no section 2 violation. *Johnson v. De Grandy,* 512 U.S. 997 (1994).

8. Here, the challenged 6-2-1 plan contains three districts with Hispanic citizen-voting-age population majorities of at least 58 percent and Spanish-surname registered voter majorities of 54.7 percent or greater. Hispanics have a clear opportunity to elect in those three districts. *E.g., DeGrandy,* 512 U.S. at 1013-14; *Rodriguez v. Bexar County,* 385 F.3d 853, 868 (5th Cir. 2004).

9. Even though the Hispanic candidate was not successful in the 2015 election in one of the three districts, in which 57 percent of the registered voters were Hispanic, the loss of that election does not mean that the plan does not provide equal electoral opportunity. All section 2 guarantees is equality of opportunity and not a guarantee of electoral success. *De Grandy,* 512 U.S. at 1014, n. 11.

10. In addition, a fourth district has a substantial, but not majority, percentage of Hispanic citizen-voting-age population (45.3%) and of Hispanic registered voters (42.53%) and has a history of electing a Hispanic member of the council in 2013 and 2015. The Supreme Court recognizes that there are districts where minority citizens are able to form coalitions with voters from other racial and ethnic groups and thus do not need to constitute a majority to be able to elect candidates of their choice. *De Grandy,* 512 U.S. at 1020. District D is such a district.

11. Even without considering the opportunity to elect in the two at-large seats, the existing 6-2-1 election system provides Hispanics with an opportunity to elect in four of the eight council seats—a number that is proportionate to Hispanics' share of the city's citizen-voting-age population. Accordingly, Hispanics have an equal opportunity to participate in the political process and to elect candidates of their choice, and there is no violation of section 2 or the United States Constitution.

12. The material facts supporting this conclusion are not in dispute and are set out in the appendix to this motion, which contains a summary of facts as well as copies of the affidavits, declarations, and other proof relied on.

13. The rationale and legal support for this motion are set out in greater detail in the attached brief in support.

Accordingly, the Court should grant the defendant's motion for summary judgment and deny all relief to the plaintiffs.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
|  | By:  /s/ C. Robert Heath |
| GUNNAR P. SEAQUIST | C. ROBERT HEATH |
| Texas State Bar No: 24043358 | Texas State Bar No. 09347500 |
| Southern District No: 1140733 | Southern District No. 13381 |
| *gseaquist@bickerstaff.com* | *bheath@bickerstaff.com* |
| BICKERSTAFF HEATH | BICKERSTAFF HEATH |
| DELGADO ACOSTA LLP | DELGADO ACOSTA LLP |
| 3711 S. MoPac Expressway | 3711 S. MoPac Expressway |
| Building One, Suite 300 | Building One, Suite 300 |
| Austin, Texas 78746 | Austin, Texas 78746 |
| Telephone: (512) 472-8021 | Telephone: (512) 472-8021 |
| Facsimile: (512) 320-5638 | Facsimile: (512) 320-5638 |
| KELLY SANDILL | **ATTORNEY-IN-CHARGE FOR** |
| State Bar No. 24033094 | **DEFENDANTS** |
| Southern District No. 38594 |  |
| *ksandill@andrewskurth.com* |  |
| KATHRYN K. AHLRICH |  |
| State Bar No. 24063686 |  |
| Southern District No. 1242003 |  |
| *katieahlrich@andrewskurth.com* |  |
| ANDREWS KURTH LLP |  |
| 600 Travis, Suite 4200 |  |
| Houston, Texas 77002 |  |
| Telephone:  (713) 220-3956 |  |
| Facsimile:  (713) 238-7294 |  |

## **CERTIFICATE OF SERVICE**

      This is to certify that on July 1, 2016, a true and correct copy of the foregoing document was served on all counsel of record via the electronic case filing system of the United States District Court for the Southern District of Texas.

                                            /s/ *C. Robert Heath*
                                            C. Robert Heath