IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALBERTO PATINO,** *et al.* | § | |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | **Civil Action No. 4:14-cv-03241-LHR** |
| | § | |
| **CITY OF PASADENA** | § | |
| | § | |
| **Defendant.** | § | |

Because Defendant's Summary of Facts (Dkt. 71-1 at 3-5) includes facts and legal argument blended together, Plaintiffs set out below a statement of Defendant's undisputed and disputed facts. Plaintiffs' undisputed facts are discussed, with supporting citations, in their Memorandum of Law in Response to Defendant's Motion for Summary Judgment.

## DEFENDANT'S UNDISPUTED FACTS

1. Defendant Fact: There is no dispute regarding the voting analysis, since the city's expert adopted the voter polarization totals derived by the plaintiffs' expert. Engstrom and Alford report  (Def. App. at 118-19, 150).

2. Defendant Fact: Prior to 1992 Pasadena had an at-large election system, which elected one Hispanic member of the council.  A Hispanic, Roy Ybarra was elected to the council from an at-large position in 1973, 1975, and 1977  Rorick declaration ¶ 5 (Def. App. at 14**).**

3. Defendant Fact: In 1992, Pasadena replaced the at-large system with an all single-member-district election system.  For the first 20 years of the single-member district system no more than one Hispanic served on the council at any one time as one Hispanic served four two-year terms from 1993 to 2001, and another was elected in 2009 and served through the end of the 8-0-1 system in late 2013 and continues to serve today in the 6-2-1 system.  The charter was amended in 1992 to replace the prior all at-large council  with a council containing eight single-member districts.  The first Hispanic  elected under the 8-0-1 plan was Emilo Carmona who was elected to represent District C in 1993 and reelected in 1995, 1997, and 1999. Ornaldo Ybarra was elected in 2009 to represent District A and has been reelected in 2011, 2013, and 2015.  Rorick declaration ¶¶ 3, 6, 8-10 (Def. App. at 13-15)

4. Defendant Fact: Another Hispanic was elected under the 8-0-1 plan in 2013 when Cody Ray Wheeler was elected to represent District E. Wheeler's election marked the first time two Hispanics served on the council at the same time. Rorick declaration ¶ 9 (Def. App. at 14).

5. Defendant Fact: In November 2013 the Pasadena city charter was amended to replace the 8-0-1, all single-member-district system, with a 6-2-1 system that had six single-member districts with two council members elected at-large. In 2015, in the sole election held under the new system, three Hispanic members of the council were elected. Rorick declaration ¶ 10 (Dkt. 71-1 at 15).

6. Defendant Fact: The challenged 6-2 plan contains only three districts with a majority of HCVAP and Spanish-surname registered voters. (Def. Mot. SJ at parag. 8)

7. Defendant Fact: Hispanics constitute a majority of the citizen-voting-age population and the registered voters in Districts A, B, and C. Ely and Rives reports (Def. App. at 34, 84)

8. Defendant Fact: Hispanic candidates were elected in Districts A and C. Rorick declaration ¶¶ 10, 12 (Def. App. at 15, 18)

9. Defendant Fact: Cody Ray Wheeler was elected in the 2015 District D and in 2013 District E Rorick declaration ¶¶ 9, 10 (Def. App. at 14-15).

10. Defendant Fact: Cody Ray Wheeler is the candidate of Hispanic choice. Engstrom report (Def. App. at 118.

## DEFENDANT'S DISPUTED FACTS

11. Defendant Fact: Approximately half of Pasadena's voting-age citizens are Hispanic. (Def. App. at 3).
    a. Response: Less than half of the citizen voting age population in Pasadena is Latino. Ely Table 6 (Def. App. at 33); Rives Report, Exh. 5-A (Def. App. at 89)

12. Defendant Fact: In the first election under the 6-2-1 system in 2015, Pasadena voters elected three Hispanic members of the council—Ornaldo Ybarra in District A, Cody Ray Wheeler in District D (formerly District E), and Sammy Casados in District C, thus increasing Hispanic representation on the council from the highest level achieved under the all single-member-district system. Rorick declaration ¶ 10 (Def. App. at 15).

    a. Response: The 2015 election of Ornaldo Ybarra, Cody Ray Wheeler, and Sammy Casados only increased the number of Latinos sitting on the City council; it did not increase the number of Latino opportunity districts in Pasadena and thus did not increase "Hispanic representation" on the council. Ely report (Def. App. at 34-35)
    b. The election of Sammy Casados in District C to replace Latino-preferred candidate Don Harrison (who could not run for reelection because of term limits) did not reflect

2

an increase in Hispanic opportunity to elect candidate of choice.  The election of a Latino to replace a Latino-preferred Anglo in a Latino opportunity district does not bear on Plaintiffs' section 2 claim because section 2 guarantees the opportunity of minority voters "to elect representatives of their choice," even if the preferred candidate is Anglo.  52 U.S.C. § 10301.

13. Defendant Fact: Hispanics in Pasadena have the opportunity to elect candidates of their choice to a number of city council positions that is proportional to their percentage of the city's citizen-voting-age population.
    a. Response: Hispanics in Pasadena have the opportunity to elect candidates of their choice in only three districts in the 6-2 plan.  Three districts is not a number of city council positions that is proportional to Latino percentage of the city's citizen-voting-age population.  Ely report (Def. App. at 32-35); Aff. of Don Harrison at 2; Aff. of Ornaldo Ybarra at 2; and Aff. of Cody Ray Wheeler at 2-3.

14. Defendant Fact: Hispanics have the opportunity to elect in at least four of the eight council districts.
    a. Response: Hispanics have the opportunity to elect candidates of their choice in only three of the eight council districts in the 6-2 plan.  Ely Report (Def. App. at 34); Aff. of Don Harrison at 2; Aff. of Ornaldo Ybarra at 2; and Aff. of Cody Ray Wheeler at 2-3.

15. Defendant Fact:  Further, Mr. Perez's failure to be elected may not be an indication of an inability of Hispanics to be successful in this Hispanic-majority district, since Mr. Perez was running against an incumbent and had the lowest level of Hispanic support of any Hispanic council candidate or issue studied.  Rorick declaration ¶ 11, Rives report, Engstrom report (Def. App. at 15, 84, 118-19)
    a. Response: Mr. Perez received 82% of the Latino vote in District B.  He was not the Anglo-preferred candidate and he lost the election by 34 votes.  Mr. Perez would have won the election in District B if the City had not made District B larger and less Latino in its conversion to a 6-2 election system.  Engstrom Report (Def. App. at 115 ¶ 16, 118); Ex. 36; Ely Report (Def. App. at 34-35); and Ex. 37 (68:14-21).

16. Defendant Fact: District D is a district in which Hispanics can elect the candidate of their choice.
    a. Response: District D is an Anglo majority district in which Anglos decide the outcome of elections. District D is not a district in which Hispanics can elect the candidate of their choice. Ely report (Def. App. at 32-35); Aff. of Don Harrison at 2; Aff. of Ornaldo Ybarra at 2; and Aff. of Cody Ray Wheeler at 2-3.

17. Defendant Fact: The 2015 District D is essentially the same demographically as the 2013 District E.  McCall declaration (Dkt. 71-1 at 6-12).
    a. Response: Plaintiffs object to the testimony of Ms. McCall because neither the testimony nor the data on which it is based was disclosed to Plaintiffs in discovery and Ms. McCall's identity was not disclosed by Defendant as an "individual likely to have discoverable information" under Fed. R. Civ. P. 26 (a) (1) (A) (i).  Furthermore, the 2015 District D is not essentially the same demographically as the 2013 District E

3

      because it has different geographic boundaries and contains 5,798 more people than the 2013 District E.  Ely report (Def. App. at  34-35); Ex. 40; Ex. 41.

18. Defendant Fact: District  D  is  one  where  Hispanics  have  developed  a  working electoral coalition with other groups as both Hispanics and non- Hispanics   gave   majority  support  to   the   Hispanic   candidate. Engstrom report (Def. App. at 118).
    a. Response: District D is an Anglo majority district in which Anglos decide the outcome of elections. Latinos can only elect their candidate of choice if that candidate of choice is preferred by Anglos.  The 2015 at-large election results within District D show that the Latino-preferred candidate Oscar Del Toro was not supported by Anglos and did not win the majority of votes in the district.   Similarly, exogenous election results show that District D is not a district in which Anglo voters generally share the same candidate preferences as Latino voters.  Finally, District D has only been used in one city council election and thus cannot demonstrate a "working electoral coalition."  Ely report (Def. App. at  32-35); Aff. of Don Harrison at 2; Aff. of Ornaldo Ybarra at 2; and Aff. of Cody Ray Wheeler at 2-3.; Ex. 50 (Harris County Nov 2010 Precinct Returns); Ex. 49 (Pasadena 2015 Election Results); Ex. 51 (2012 Sheriff Canvass); Ex. 1 (2008 Sheriff Canvass).

19. Defendant Fact: The only dispute between the demographic experts is what time period to use to measure the city's citizen-voting-age population—a dispute that involves whether the number is 45.9 or 48.1 percent and is immaterial to the question of whether the  percentage is roughly 50 percent.  Ely and Rives reports (Def. App. at 32, 33, 89).
    a. Response: The parties' experts agree that less than half of the citizen voting age population in Pasadena is Latino. Ely Table 6 (Def. App. at 33); Rives Report, Exh. 5-A (Def. App. at 89)

20. Defendant Fact: All other facts relied on in this motion come from official government records  such  as  the  2010 census,  election canvasses,  and  voter  registration  lists maintained  by the Harris County voter registrar.  The City believes that none of these data sources is the subject of any material dispute.
    a. Response:  Plaintiffs are unable to respond to this statement because it is does not state the facts the City contends are not in dispute and the documents or information on which Defendant relies to  provide evidence of these facts.  *See* Plaintiffs' Objections to Defendant's Summary Judgment Evidence.