IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO PATINO, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:14-cv-03241-LHR |
| | § | |
| CITY OF PASADENA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' OBJECTIONS TO AND MOTION TO STRIKE
DEFENDANT'S SUMMARY JUDGMENT EVIDENCE**

Plaintiffs Alberto Patiño, et al. (hereinafter, "Plaintiffs), by and through their undersigned counsel, file their Objections to and Motion to Strike Defendant's Summary Judgment Evidence, pursuant to Federal Rule of Civil Procedure 56(c)(2) and (c)(4). Plaintiffs submit these objections on the grounds that Defendant City of Pasadena attempts to submit inadmissible expert testimony, previously undisclosed witness testimony, previously undisclosed data, and assertion of unsubstantiated fact. For the following reasons, Plaintiffs ask the Court to strike or exclude Sherry McCall's declaration found at [Dkt. 71-1] as well as any exhibits attached to it, and any other unsubstantiated facts contained therein.

BACKGROUND

The City filed its Motion for Summary Judgment on July 1, 2016. [Dkt. 71]. The City concurrently filed an Appendix to the Motion for Summary Judgment and a Brief in Support of its Motion for Summary Judgment. [Dkt. 71-1 and 71-4]. The City enclosed in the Appendix a Declaration of Sherry McCall. [Dkt 71-1 at 6]. The declaration lists the professional and training background of Ms. McCall. *Id* at ¶ 2. It also provides a mix of fact and opinion

regarding the demographic characteristics of different City of Pasadena city council districts under different city council district systems. *Id* at 6-8. The declarant opines that, based on her analysis, "virtually all of the former District E is now found in District D" and that both "districts have a very similar demographic composition." *Id.* at ¶ 8.

Ms. McCall attaches to her declaration two exhibits. One of the exhibits contains a map purporting to show the shape of the new District D overlaying the boundaries of the old District E. [Dkt 71-1, Ex. A at 9-10]. The other exhibit contains figures relating to the demographics of both districts, as well as an analysis of the overlap of the two districts. [Dkt 71-1, Ex B at 9-10]. At the bottom of Exh. B, an endnote claims "*Total voters and Spanish Surname voters geocoded from the March 2015 voter list obtained from the Harris County Voter Registration office.*" *Id*. (emphasis in original).

Prior to filing its Motion for Summary Judgment, the City never disclosed Ms. McCall as a person likely to have discoverable information that "the disclosing party may use to support its claims or defenses." *See* Ex. 1, City of Pasadena's Rule 26 Initial Disclosures. The City also never disclosed Ms. McCall as an expert witness before or after the Court's deadline of December 16, 2015. [Dkt. 40]. The City disclosed the expert report of a different demographer, Dr. Rives, to present information and expert information about the demographic characteristics of the election districts in Pasadena. *See* Expert Report of Norfleet W. (Bill) Rives [Dkt. 71-2 at 2]. Although Plaintiffs identified Ms. McCall, an occasional consultant for the City's law firm in past election-related cases, in their initial disclosures as someone with "knowledge of facts concerning Pasadena municipal election data and conducting certain elections for the City" (s*ee* Ex. 2, Plaintiffs Alberto Patiño, et al.'s Rule 26 Initial Disclosures), Plaintiffs did not depose Ms. McCall when the City chose not to disclose her as someone with information relevant to the

case. Additionally, the City did not provide Plaintiffs with the data containing 2015 geocoded Spanish Surname voters until after Plaintiffs filed their response to the motion for summary judgment. *See* Ex. 3, Email from Counsel for City of Pasadena Regarding Geocoded SSV Data.

The City offers Ms. McCall's declaration in support of its Motion for Summary Judgment in an attempt to establish the fact that Districts E in the 8-0 2011 Adopted System and District D in the 2014 6-2 System are the same. *See* Def.'s Brief [Dkt 71-4 at 18 n.66]. The City relies heavily on the undisclosed geocoding data to arrive at an SSVR figure and compare the demographics of the former District E to District D in the current map. [Dkt 71-1, Ex B at 9-10]. The City seeks to use the factual assertions and opinions set out in Ms. McCall's declaration to argue that the election of a Latino in District E in the 8-0 plan demonstrates that Latinos have an equal opportunity in the new District D in the 6-2 plan. *See* Def.'s Brief [Dkt 71-4 at 18-20].

## ARGUMENT

Ms. McCall's declaration is inadmissible whether it purports to be lay or expert testimony. The City did not disclose Ms. McCall, either as an expert or as a person likely to have discoverable information that the City "may use to support its claims or defenses." Furthermore, Ms. McCall based her testimony in part on the geocoded Spanish Surname data that the City did not disclose to Plaintiffs. This failure to disclose Ms. McCall's identity and data renders Ms. McCall's testimony inadmissible.

I.   **Legal Standard**

Under the Federal Rules of Civil Procedure, a party must provide to other parties the names of individuals likely to have discoverable information that "the disclosing party may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). A party that does not disclose an individual likely to possess discoverable information may not use that individual to

3

supply evidence supporting a motion. *See* Fed. R. Civ. P. 26(c)(1). A party must also identify to other parties expert witnesses expected to testify at trial under Federal Rules of Evidence 702, 703, or 705. *See* Fed. R. Civ. P. 26(a)(2)(A). Such witnesses expected to offer testimony must also submit a written report. *See* Fed. R. Civ. P. 26(a)(2)(B). Courts have discretion over whether to exclude testimony by experts who do not comply with disclosure requirements. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (describing exclusion of witness testimony as exercise of discretion by district court).

Courts examine four factors in order to determine whether evidence or a witness's testimony should be excluded in light of failure to comply with Rule 26 disclosure requirements: 1) the party's explanation for failure to identify the witness or information, (2) the importance of the evidence, (3) the potential prejudice to the party against whom the evidence is offered, and (4) the availability of a continuance. *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009) *citing Betzel*, 480 F.3d at 707 (5th Cir. 2007).

## II. Sherry McCall's Declaration Should be Excluded

Ms. McCall's declaration presents expert opinions.[1] Her testimony should be excluded because the City failed to identify her as a person with knowledge, failed to disclose her as an expert witness, failed to produce an expert report by the Court-ordered deadline, and failed to disclose the data on which she relied until after Plaintiffs filed their summary judgment response.

---

[1] Ms. McCall's testimony regarding her education, her qualifications, her experience, and City demography and mapping shows that the City does not offer her as a lay witness. *See United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) *citing* Fed. R. Evid. 701, Advisory Committee Notes to 2000 Amendments ("lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field") (internal quotations omitted); *see also Consol. Envtl. Mgmt., Inc.--Nucor Steel Louisiana v. Zen-Noh Grain Corp.*, 981 F. Supp. 2d 523, 533 (E.D. La. 2013) ("a person may testify as a lay witness only if his opinions or inferences ... could be reached by any ordinary person") (internal citation omitted).

With respect to the City's explanation for the failure to comply with discovery rules, the City provides none. Without any explanation as to non-compliance with disclosure requirements, this first factor weighs in favor of exclusion. *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 454 (S.D. Miss. 2004) (explanation factor favored striking party's experts where no explanation offered for late designation of expert).

The second factor—the importance of the evidence to the party offering it—cannot, by itself, tip the balance toward including the testimony. *See Elliot v. Amadas Indus., Inc.*, 796 F. Supp. 2d 796, 803 (S.D. Miss. 2011) (importance of the evidence "cannot singularly override the enforcement of local rules and scheduling orders.") (internal citation omitted). Furthermore, although the City may consider Ms. McCall's testimony useful, whether or not the City can establish that the new District D in the 6-2 plan is a Latino opportunity district turns largely on information related to District D, and not whether some portion of District D overlaps with District E in the City's previous 8-0 plan.

The third factor weighs heavily against the City because Plaintiffs are prejudiced by the declaration. Plaintiffs were unable to conduct any discovery regarding Ms. McCall's analysis and conclusions, including deposing Ms. McCall and conducting their own analysis of her 2015 geocoded data on Spanish Surnamed Registered Voters. Early in the litigation Plaintiffs thought Ms. McCall might have knowledge of City election data (and thus included that information in Plaintiff's initial disclosures) but Plaintiffs never learned that Ms. McCall would conduct a district demographic overlap analysis using 2015 geocoded SSVR. The inability to question Ms. McCall about her methodology and conduct their own analysis of her data has severely prejudiced Plaintiffs. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258

(5th Cir. 1997) (party against whom evidence was offered was prejudiced because responding to report with party's own experts would disrupt trial date).

The final factor, the availability of a continuance, does not favor the City. The City did not request an extension of any dates in the Court's scheduling order when filing its motion for summary judgment. Because the Court has already scheduled a hearing on any dispositive motions for August 24, 2016, and because the docket call is scheduled for September 26, 2016, there is likely not enough time for a continuance of the summary judgment proceedings. Even if the Court is able to grant a continuance, however, the City has not offered any justification for the delay that would be caused by its late disclosure and offer of expert testimony. *See Elliot*, 796 F. Supp. 2d at 804 (S.D. Miss. 2011) (continuance factor weighed in favor of exclusion because party offering testimony did not explain untimeliness of report). Therefore, the continuance factor weighs in favor of exclusion.

Because all factors weigh in favor of exclusion of Ms. McCall's declaration, the declaration should not be allowed to support the City's motion for summary judgment. Plaintiffs ask that the Court strike the declaration from the record. In the alternative, Plaintiffs request a continuance in order to allow them to depose Ms. McCall, analyze her data, and present their own expert opinions and conclusions in response to those of Ms. McCall.

## CONCLUSION

Because the City did not comply with expert disclosure requirements and witness disclosure requirements with regard to Ms. McCall, and because the City did not disclose Ms. McCall's 2015 geocoded Spanish-surnamed voter data, the Court should exclude Ms. McCall's declaration in its entirety from consideration during summary judgment proceedings.

DATED: August 11, 2016          Respectfully submitted,

                                             Nina Perales
                                             Attorney-in-charge
                                             Texas Bar No. 24005046
                                             SDTX Bar No. 21127
                                             Ernest Herrera
                                             Texas Bar No. 24094718
                                             SDTX Bar No. 2462211
                                             MEXICAN AMERICAN LEGAL DEFENSE AND
                                                EDUCATIONAL FUND
                                             110 Broadway, Suite 300
                                             San Antonio, TX 78205
                                             Tel: (210)224-5476
                                             Fax: (210)224-5382

                                             *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 11th day of August, 2016.

                                             */s/ Nina Perales*
                                             Nina Perales