IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERTO PATINO, *et al.* § | |
| § | |
| Plaintiffs, § | |
| v. § | Civil Action No. 4:14-cv-03241-LHR |
| § | |
| CITY OF PASADENA, et al § | |
| § | |
| Defendants. § | |

**PROPOSED FINAL JUDGMENT AND INJUNCTION**

Now come Plaintiffs Alberto Patino, et al. ("Plaintiffs") and file this Proposed Final Judgment and Injunction as directed by the Court on January 6, 2017.

The Proposed Final Judgment and Injunction includes a 10-year period of federal oversight of election changes in the City of Pasadena (i.e. preclearance). This 10-year period ensures that Pasadena will be required to secure preclearance from the U.S. Attorney General or this Court through the next redistricting cycle of 2021 and also be subject to the preclearance requirement for any further attempts to conduct mid-decade redistricting or change the city's method of election before 2027.

Plaintiffs propose a Final Judgment and Injunction as follows:

Following a bench trial, the court issued an opinion in this case. [Dkt. 151]. In its opinion, the court found that the City of Pasadena's change from an eight single-member district map and plan to a six single-member district and two at-large position map and plan for electing its City Council dilutes the votes of Latinos in Pasadena in violation of § 2 of the Voting Rights Act. 52 U.S.C. § 10301; [Dkt. 151 at 85]. Furthermore, the court found that the City of Pasadena intentionally diluted Latinos' votes in violation of the Fourteenth Amendment to the

Constitution of the United States of America.  U.S. Const. amend. XIV; [Dkt. 151 at 103].  The court incorporates its findings of fact and conclusions of law in this order.

Plaintiffs are entitled to a permanent injunction.  Voting is a fundamental right. *Reynolds v. Sims*, 377 U.S. 533, 561-562 (1964).  Plaintiffs have suffered an irreparable injury in the dilution of their votes.  Remedies available at law, such as monetary damages, are inadequate to compensate for the irreparable injury to plaintiffs. Considering the balance of hardships between the plaintiffs and defendant, a remedy in equity is warranted. Finally, the public interest would not be disserved by a permanent injunction. *See Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 272 (5th Cir. 2014) (setting out the standard for permanent injunction) *citing eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)     The City of Pasadena is permanently enjoined from conducting the May 2017 city council election or any subsequent city council elections under the 2014 adopted six single-member district and two at-large position redistricting map and plan.

(2)     The City of Pasadena shall conduct the May 2017 city council elections using the city redistricting map and plan in effect in May 2013;

(3)     Pursuant to 52 U.S.C. 10302(c), and because the court finds that violations of the fourteenth amendment justifying equitable relief have occurred in the City of Pasadena, the court retains jurisdiction for a period of ten years.  During such period, no voting qualification or prerequisite to voting or standard, practice, or procedure with respect to voting different from that in force or effect in May 2013 shall be enforced unless and until the court finds that such qualification, prerequisite, standard, practice, or procedure does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color, or in

contravention of the voting guarantees set forth in 52 U.S.C section 10303(f)(2); provided, that such qualification, prerequisite, standard, practice, or procedure may be enforced if the qualification, prerequisite, standard, practice, or procedure has been submitted by the the City of Pasadena to the U.S. Attorney General and the U.S. Attorney General has not interposed an objection within sixty days after such submission, except that neither the court's finding nor the Attorney General's failure to object shall bar a subsequent action to enjoin enforcement of such qualification, prerequisite, standard, practice, or procedure.

ORDERED this \_\_\_\_ day of January, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

DATED: January 13, 2017

Respectfully submitted,

Nina Perales
Attorney-in-charge
Texas Bar No. 24005046
SDTX Bar No. 21127
Ernest Herrera
Texas Bar No. 24094718
SDTX Bar No. 2462211
Denise Hulett (*Pro Hac Vice*)
California Bar No. 121553
MEXICAN AMERICAN LEGAL DEFENSE AND
  EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210)224-5476
Fax: (210)224-5382

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 13th day of January 2017.

                                          */s/ Nina Perales*
                                          Nina Perales