United States District Court
Southern District of Texas
**ENTERED**
March 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| **Alberto Patino, et al.,** ) | |
| ) | |
| ) | |
| **Plaintiff(s),** ) | |
| ) | |
| v. ) | **Civil Action No.** |
| ) | **H-14-3241** |
| **City of Pasadena** ) | |
| ) | |
| **Defendant(s).** ) | |

**ORDER APPROVING CHANGE IN POLLING PLACES**

Pursuant to this court's Final Judgment and Order of Injunction entered January 16, 2017, defendant, City of Pasadena, has presented its Unopposed Motion to Approve Polling Locations for the City of Pasadena's May 2023 City Council Elections Pursuant to Section 3 of the Voting Rights Act. Following a conference of the attorneys for the plaintiff and the defendant, Alberto Patino, the plaintiff in this cause, has indicated through his attorney that he does not oppose the city's motion seeking approval of the plan.

The court has reviewed the list of polling locations to be used for the May 2023 election as well as information on the location of polling places used in 2013 and 2021. Following its review, the court finds that the proposed list of polling places does not have the purpose, and will not have

1

the effect, of denying or abridging the right to vote on account of race or color or in contravention of the voting guarantees set forth in 52 U.S.C. § 10303(f)(2).

Accordingly, the Unopposed Motion to Approve City of Pasadena's City Council Redistricting Plan Pursuant to Section 3 of the Voting Rights Act is GRANTED. The polling places submitted to the Court by the City of Pasadena for use in the May 2023 election may now be implemented and enforced. Further, while the election will be conducted pursuant to a contract with Harris County so that, pursuant to section 43.007 of the Texas Election Code, a Pasadena resident will be able to vote in in the Pasadena city election in any of the many Harris County polling place without regard to residence, it is likely that the polling places located within the City will be the ones most likely to be used by Pasadena residents. Accordingly, the Court further concludes that if there are pre-election changes to any polling location contained in the list before the Court, it will not be necessary to seek further preclearance unless the change results in a deletion of one of the 18 polling locations on the list that are located within the Pasadena city limits. As provided in this court's judgment of January 16, 2017, and in 52 U.S.C. § 10302(c), this court's finding does not bar a subsequent action to enjoin the implementation or enforcement of the plan.

SIGNED this on ___March 22___, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge